SUNDBERG, Chief Justice.
Appellant brings this appeal attacking the constitutionality of section 39.04(2)(e)4, Florida Statutes (1979). He argues that the section is unconstitutional in the following respects: (i) the section violates due process; (ii) the section violates equal protection; (iii) the section constitutes an unlawful delegation of legislative authority; and (iv) the section violates the prohibition *70 against ex post facto laws. Additionally, because appellant is a juvenile, he challenges the ability of the criminal division of the circuit court to take jurisdiction of this case. The circuit court upheld the challenged provision, thereby vesting this Court with direct appellate jurisdiction. Art. V, § 3(bXl), Fla.Const. (1972).
In our recent decision of State v. Cain, 381 So.2d 1361 (Fla.1980), we held that section 39.04(2)(e)4 did not unlawfully delegate legislative authority and that the section did not violate the requirements of due process or equal protection. 381 So.2d at 1364-66. We also ruled that the criminal division of the circuit court may properly take jurisdiction in this type of case. 381 So.2d at 1363-64.
Appellant’s remaining contention, that section 39.04(2)(e)4 is an ex post facto law is also without merit. Section 39.04(2Xe)4 says:
The state attorney shall in all such cases, after receiving and considering the recommendation of the intake officer, have the right to take action, regardless of the action or lack of action of the intake officer, and shall determine the action which is in the best interest of the public. The state attorney may:

With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony;
Appellant contends that since the effective date of section 39.04(2)(e)4 was October 1, 1978, and his last involvement with the juvenile court was in 1977, an application of the statute to the appellant would violate the constitutional prohibition against ex post facto laws. The facts indicate that appellant committed the burglary and grand theft on May 7, 1979, several months after the effective date of section 39.-04(2)(e)4. The fact that appellant’s previous criminal acts authorizes the application of section 39.04(2)(e)4 does not by itself make the statute an ex post facto law. Here the application of the statute is not ex post facto because as we said in Cross v. State, 96 Fla. 768, 119 So. 380 (1928):
[T]he increased severity of the punishment for the second or subsequent offense is not a punishment of the person a second time for his former offenses but is a more severe punishment for the last offense, the commission of which is a manifestation of a criminal habit which may be taken into account in determining the adequacy of punishment to be imposed upon habitual offenders for offenses committed subsequent to the enactment of the statute. But for the commission of the subsequent offense, the enhanced penalty would not be imposed. Comm. v. Graves, 155 Mass. 163, 29 N.E. 579, 16 L.R.A. 256; Blackburn v. State, 50 Ohio St. 428, 36 N.E. 18. The statute is not rendered ex post facto by providing enhanced punishments for a subsequent offense because of convictions occurring prior to the passage of the statute.
96 Fla. at 782-83, 119 So. at 385.
We hold that section 39.04(2)(e)4 as applied in this case did not violate the constitutional prohibition against ex post facto laws. See Bouie v. City of Columbia, 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed. 2d 894 (1964); Zarsky v. State, 281 So.2d 553, 544 (3d DCA 1973); cf. Greene v. State, 238 So.2d 296, 300-01 (Fla.1970) (quoting this language from Cross, supra, but reaching a different result because in that case both felonies involved were committed before the statute’s effective date).
AFFIRMED.
ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.