946 P.2d 908

**Jesus Manuel SAUCEDO, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF LA PAZ, the Honorable Michael Irwin, a Judge thereof, Respondent Judge,**

**R. Glenn BUCKELEW, La Paz County Attorney, Real Party in Interest.**

No. 1 CA–SA 97–0088.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 2, 1997.

Michael J. Burke, La Paz County Public Defender, Parker, for Petitioner.

R. Glenn Buckelew, La Paz County Attorney by Martin E. Brannan, Deputy County Attorney, Parker, for Respondent–State.

## OPINION

FIDEL, Presiding Judge.

With the passage of Proposition 102, Arizona voters amended the Arizona Constitution to provide for the automatic prosecution of certain juvenile offenders as adults. The amendment, Article IV, Part 2, Section 22, became effective on December 6, 1996. *See* ARIZ. CONST. art. IV, part 2, § 22, 1 Arizona Revised Statutes Annotated ("A.R.S.") (Supp. 1997). This special action poses the question whether subsection 1 of Article IV, Part 2, Section 22—known as the automatic transfer

provision—may be retrospectively or only prospectively applied.[1] We hold that subsection 1 is a prospective enactment, applicable only to crimes or delinquent acts alleged to have occurred after its effective date.

## I. PROCEDURAL BACKGROUND

Before the enactment of Proposition 102, the juvenile court had exclusive original jurisdiction over any minor charged with a criminal offense. *See* ARIZ. CONST. art. VI, § 15; A.R.S. § 8–202 (Supp.1996); *Maricopa County Juvenile Action No. J–84984,* 138 Ariz. 282, 282–83, 674 P.2d 836, 836–37 (1983). The juvenile court had discretion, in the exercise of its exclusive original jurisdiction, to retain a juvenile for prosecution as a delinquent or transfer the juvenile to a criminal division of the superior court for prosecution as an adult. *See* Ariz. R.P. Juv. Ct. 12, 13, 14, 17B A.R.S. Only after a transfer decision by the juvenile court could a juvenile be prosecuted as an adult. *See id.*

With the enactment of Proposition 102, certain chronic and violent juvenile offenders are no longer subject to the exclusive original jurisdiction of the juvenile court. Instead, by constitutional mandate, these defendants "shall be prosecuted as adults." ARIZ. CONST. art. IV, part 2, § 22(1).

This special action concerns a prosecution initiated after the enactment of Proposition 102, but arising out of crimes committed before its enactment. The prosecution, initiated in a criminal division of the superior court, charged Petitioner, a fifteen-year-old minor, as an adult. Petitioner, objecting that the criminal division lacked original jurisdiction, moved to dismiss the prosecution and remand the matter to the juvenile court. He argued that the application of Proposition 102 to his offenses would violate the ex post facto clause of the federal and state constitutions. When the superior court denied Petitioner's motion, he filed this special action.

---

1. Article IV, Part 2, Section 22(1) provides in pertinent part:

   Juveniles 15 years of age or older accused of murder, forcible sexual assault, armed robbery or other violent felony offenses as defined by statute shall be prosecuted as adults. Juveniles 15 years of age or older who are chronic felony offenders as defined by statute shall be prosecuted as adults. Upon conviction all such juveniles shall be subject to the same laws as adults, except as specifically provided by statute and by article 22, § 16 of this constitution....

In a prior order, we accepted jurisdiction and granted relief. We explain that order in this opinion.

## II.  SPECIAL ACTION JURISDICTION

Does Article IV, Part 2, Section 22(1) apply to *prosecutions* initiated after its enactment, regardless of the date of the alleged offense, or only to prosecutions for *offenses* committed after its enactment? Because that question is one of law, of first impression, and of statewide importance, we grant review. *See State ex rel. Gonzalez v. Superior Court*, 184 Ariz. 103, 104, 907 P.2d 72, 73 (App.1995).

We also grant review because Petitioner, whose position is meritorious, lacks an adequate remedy by appeal. *See State v. Duber*, 187 Ariz. 425, 426, 930 P.2d 502, 503 (App. 1996). It is material in transfer proceedings for the juvenile court to consider the amount of time the juvenile will remain eligible for juvenile rehabilitative services. *See* Ariz. R.P. Juv. Ct. 14(c)(11). That amount of time would shrink considerably if Petitioner were obliged to undergo a jurisdictionally unsound adult prosecution and an appeal before achieving a transfer hearing in the juvenile court. For these reasons, we find it best to resolve this issue now.

## III.  EX POST FACTO LAWS

■   The United States and Arizona Constitutions prohibit ex post facto laws. *See* U.S. CONST. art. I, § 9; ARIZ. CONST. art I, § 10. A state may enact no law "that changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed." *State v. Noble*, 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)).

■   When engaging in ex post facto analysis, we first consider whether an enactment is retrospectively applied to the defendant. *See id.* at 174, 829 P.2d at 1220. The State concedes that issue here. We next consider whether the requirement retrospectively imposed on the defendant is "punitive or regulatory." *See id.* at 175, 829 P.2d at 1221. If the enactment is "punitive either in purpose or effect," it may not be retrospectively applied. *See id.*

■   The punitive effect of automatic transfer under Proposition 102 is clear; it greatly elevates the minimum punitive exposure of a juvenile subject to its terms. Petitioner's case illustrates the point. He is charged with sexual assault, sexual conduct with a minor, and child molestation, class 2 dangerous crimes against children. *See* A.R.S. § 13–1406 (Supp.1996) (amended 1997); A.R.S. § 13–1405 (Supp.1996) (amended 1997); A.R.S. § 13–1410 (Supp.1996); A.R.S. § 13–604.01 (Supp.1996) (amended 1997). If tried and convicted as an adult, Petitioner would not be eligible for probation. *See* A.R.S. § 13–604.01(E). If convicted of all charges and sentenced to concurrent terms, he would face a minimum sentence of thirteen years' imprisonment.[2]

In contrast, if tried as a juvenile and found delinquent on all counts, Petitioner would be eligible for probation. *See* A.R.S. § 8–241(A)(2) (Supp.1996). And if subjected to confinement at the Arizona Department of Juvenile Corrections ("ADJC"), he could be confined at most until his eighteenth birthday—a period of approximately two and one-half years. *See* A.R.S. § 8–246(A) (Supp. 1996).

It is, of course, uncertain that the juvenile court, if it exercises transfer discretion in this case, will choose to retain Petitioner for prosecution as a juvenile. If the juvenile

---

2.  Under the 1996 version of these statutes, the version applicable to Petitioner's charges, Petitioner, if convicted as an adult of sexual assault or sexual conduct with a minor, would be subject to a presumptive sentence of twenty years' imprisonment at the Arizona Department of Corrections ("ADOC"). *See* A.R.S. § 13–604.01(A). If convicted of child molestation, he would be subject to a presumptive sentence of seventeen years' imprisonment at ADOC. *See* A.R.S. § 13– 604.01(B). The sentencing court would have discretion to increase or decrease either presumptive sentence by seven years. *See* A.R.S. § 13– 604.01(D). In the event of minimum concurrent sentences, Petitioner would therefore face a prison term of at least thirteen years. Depending on the facts adduced at trial, however, the court might be required to impose consecutive sentences. *See* A.R.S. § 13–604.01(I).

court chooses instead to transfer Petitioner for prosecution as an adult, he will face the same sentencing exposure that he would face if subject to automatic transfer for the identical crimes. A retrospective application of Proposition 102, however, would deprive Petitioner of *eligibility* to be retained in the juvenile court and to receive the lesser punitive consequences applicable there.

■ It is well-established that a retrospective deprivation of eligibility for a lesser sentence is forbidden under the ex post facto clause. *See Lindsey v. Washington*, 301 U.S. 397, 401–02, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937) (retrospective application of law violated ex post facto clause by "depriv[ing them] of all opportunity to receive a sentence which would give them freedom from custody and control prior to the expiration of the 15–year term [mandated by law]"); *United States v. Paskow*, 11 F.3d 873, 877 (9th Cir.1993) (retrospective application of law to defendant violated ex post facto clause by adversely affecting his eligibility for release). The court in *Paskow* stated, "A court must focus on the change in the defendant's *eligibility* to receive a lesser sentence than a new law may permit, regardless of whether the defendant would actually have received the lesser sentence." *Id.* Focusing, therefore, on Petitioner's eligibility to receive a lesser sentence, we find the ex post facto violation clear.

■ The State, emphasizing the procedural aspects of Article IV, Part 2, Section 22(1)—the elimination of a required transfer hearing and the substitution of criminal procedures for juvenile procedures from the outset—attempts to characterize the impact of Article IV, Part 2, Section 22(1) as merely regulatory or procedural. We do not find this argument persuasive. Even a "seemingly procedural" law can fall within the ex post facto prohibition if it increases a defendant's punishment for a crime after its commission. *See Weaver v. Graham*, 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17 (1981); *Collins v. Youngblood*, 497 U.S. 37, 46, 110 S.Ct. 2715, 2721, 111 L.Ed.2d 30 (1990).

Nor are we persuaded by the State's attempt at oral argument to analogize the retrospective application of Proposition 102 to the retrospective application of A.R.S. § 8–

241(I), a subject that we discussed in *Maricopa County Juvenile Action No. JV–512016*, 186 Ariz. 414, 923 P.2d 880 (App.1996). Before the enactment of § 8–241(I), the ADJC had exclusive discretion to establish a juvenile's length of stay in secure care. With the enactment of § 8–241(I), ADJC's discretion over length of stay was transferred to the juvenile court. *Id.* at 417, 923 P.2d at 883. In *JV–512016*, the appealing juvenile complained that the juvenile court had retrospectively applied the statute to his delinquency adjudication and had recommended a length of stay of eighteen to twenty-four months. We found the statute "regulatory, not punitive, in nature." *Id.* We explained,

> The statute ... clearly *regulated* the imposition of the juvenile's punishment by reallocating discretion over length of stay. It did not, however, subject a juvenile to greater punishment—i.e., a greater length of stay—than the juvenile faced before the statute was passed. To the contrary, both before and after passage of A.R.S. § 8–241(I), a juvenile faced the possibility of confinement at an ADJC facility until age eighteen.

*Id.*

Here, in contrast, the retrospective application of Article IV, Part 2, Section 22(1) would do far more than reallocate discretion over a juvenile's length of stay. By depriving Petitioner of eligibility for prosecution as a juvenile, it would substantially alter his range of punishment, depriving him of eligibility for probation and raising his potential length of confinement from a maximum of two and one-half years in a juvenile setting to a minimum of thirteen years in a prison for adults. This retrospective impact is punitive, not regulatory, and clearly forbidden under the ex post facto clause.

■ We further reject the State's argument that, because Proposition 102 "is the Arizona Constitution, it cannot also violate the Arizona Constitution." This argument not only ignores the supremacy of the United States Constitution; it also begs the question of prospective or retrospective application under the Arizona Constitution. Constitutional measures are construed to operate only prospectively unless they clearly state a contrary intent. *American Fed'n of Labor*

*v. American Sash & Door Co.*, 67 Ariz. 20, 39, 189 P.2d 912, 925 (1948). Petitioner does not argue that the Arizona Constitution was violated by the addition of the language embodied in Proposition 102. He argues only that Proposition 102, which lacks any statement of intended retrospective application, may not be given retrospective application by Arizona judges; to do so violates the ex post facto clauses of both the Arizona and United States Constitutions. We agree.

## IV. CONCLUSION

For the foregoing reasons, we direct the superior court to dismiss this prosecution as an adult criminal matter and remand it to the juvenile court, which may exercise its transfer discretion pursuant to Rule 14, Arizona Rules of Procedure for the Juvenile Court.

PATTERSON and SULT, JJ., concur.