973 P.2d 1210

**In re JERRY B.**

**No. 1 CA–JV 98–0153.**

Court of Appeals of Arizona,
Division 1, Department E.

Nov. 27, 1998.

Review Denied March 23, 1999.

**450**

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

NOYES, Judge.

¶ 1  Jerry B. ("Appellant") argues that the court's action in designating him a "repeat felony juvenile offender" and placing him on juvenile intensive probation ("JIPS") was a retroactive and unconstitutional application of Arizona Revised Statutes Annotated ("A.R.S.") sections 8–241[1](V)(2) and 241(D) (Supp.1997). We affirm.

### I.

¶ 2  In January 1998, Appellant received probation after admitting a criminal trespass charge that arose in September 1996. At disposition, the court gave Appellant the written First–Time Felony Offender Warning required by A.R.S. section 8–241(C) (Supp.1997). The court told Appellant to read the warning and to ask his counsel any questions he might have regarding its meaning. The required warning advises as follows:

> You have been adjudicated a first time felony juvenile offender. You are now on notice that if you are adjudicated of a subsequent offense that would be a felony offense if committed by an adult and if you commit the subsequent offense when you are fourteen years of age or older, you will be placed on juvenile intensive probation, which may include home arrest and electronic monitoring, or you may be placed on juvenile intensive probation and may be incarcerated for a period of time in a juvenile detention center, or you may be committed to the department of juvenile corrections or you may be prosecuted as an adult.

A.R.S. § 8–241(C).

¶ 3  In February 1998, Appellant admitted a new felony charge: unlawful use of means of transportation. At disposition, the court designated Appellant a "repeat felony juvenile offender" and found that section 8–241(C) required that he be placed on JIPS (meaning that standard probation was not an option). Appellant was placed on JIPS for six months, with additional terms and conditions not relevant here. This appeal followed. We have jurisdiction pursuant to A.R.S. section 8–236 (Supp.1997) and Rules 24 through 29 of the Rules of Procedure for the Juvenile Court.

### II.

¶ 4  Section 8–241 provides, in part, as follows:

> V.  For the purposes of this section:
>
> 1.  "First time felony juvenile offender" means a juvenile who is adjudicated delinquent for an offense that would be a felony offense if committed by an adult.
>
> 2.  "Repeat felony juvenile offender" means a juvenile to whom both of the following apply:
>
> (a) Is adjudicated delinquent for an offense that would be a felony offense if committed by an adult.
>
> (b) Previously has been adjudicated a first time felony juvenile offender.

This statute became effective on July 21, 1997, which was after Appellant committed the offense that led to his being designated a "first time felony juvenile offender."

---

1.  A.R.S. section 8–241 was amended and renumbered as A.R.S. section 8–341 effective July 1, 1998.

¶5 Appellant now argues that, because his first offense was committed before the effective date of section 8-241, applying the "repeat felony juvenile offender" provisions of that statute to him violates the constitutional prohibition against *ex post facto* laws. The *ex post facto* clauses of the Arizona and United States Constitutions are violated by a law that provides greater punishment for an offense than was provided by law when the offense was committed. *See Arizona Dep't of Public Safety v. Superior Ct.*, 190 Ariz. 490, 494, 949 P.2d 983, 987 (App.1997).

¶6 The *ex post facto* issue in this case was resolved by *In re Shane B.*, 276 Ariz. Adv. Rep. 11, —— Ariz. ——, 979 P.2d 1014, 1998 WL 552829 (App., Aug. 20, 1998), which held that it was not unconstitutional to base a "first time felony juvenile offender" designation on an offense that was committed before section 8-241 became effective. We found that "the statutory impact upon Appellant [was] predominantly regulatory, not punitive," and thus was not unconstitutional. *Id.* at 13, —— Ariz. at ——, 979 P.2d at 1016-1017. We noted that "Appellant will face increased punishment only if he reoffends." *Id.*

¶7 Appellant's case presents the situation that did not have to be addressed in *Shane B.*; Appellant reoffended, and he received the increased punishment provided by law for reoffenders. We now decide that this increased punishment was not a violation of any *ex post facto* clause. When Appellant reoffended, section 8-241 had already taken effect; Appellant had already been lawfully designated a "first time felony juvenile offender"; and he had already been warned about the consequences of becoming a "repeat felony juvenile offender." The increased penalty Appellant received after reoffending was therefore not a retroactive application of section 8-241.

¶8 Because a third felony juvenile offense would result in Appellant's being designated a "chronic felony offender," and in his being transferred for prosecution as an adult,

*see* A.R.S. sections 13-501(A)(7) and (F)(2) (Supp.1997), Appellant argues that this case is similar to *Saucedo v. Superior Court*, 190 Ariz. 226, 946 P.2d 908 (App.1997). In *Saucedo*, the juvenile was transferred to adult court based on a law that became effective after he committed his offenses. *Id.* at 227, 946 P.2d at 909. Retroactive application of this law was held unconstitutional under the *ex post facto* clause because it deprived the juvenile of eligibility to be tried in juvenile court and "to receive the lesser punitive consequences applicable there." *Id.* at 229, 946 P.2d at 911. *Saucedo* is distinguishable. As we have stated, no retroactivity issue exists as to Appellant's second offense, and *Shane B.* settled that issue as to his first offense.

¶9 A case we do find instructive is *State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097 (App.1984). After that defendant had two DWI convictions, a law went into effect that increased the penalty for a third DWI. *See id.* at 206, 688 P.2d at 1098. After the defendant was charged under the new law, he argued "that the new legislation has increased the punishment for his two prior DWI's." *Id.* In rejecting that argument, we stated as follows: "The punishment imposed . . . is based on the third DWI. It does not increase the penalty for the prior convictions. In fact, except for the third conviction, there would be no punishment beyond that originally imposed for the first two DWI's." *Id.* at 207, 688 P.2d at 1099. The same reasoning applies here.

¶10 The disposition is affirmed.

JON W. THOMPSON, Presiding Judge, and JEFFERSON L. LANKFORD, Judge, concur.