979 P.2d 1014

**In re SHANE B.**

No. 1 CA–JV 98–0029.

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 20, 1998.

Review Granted March 23, 1999.

Richard M. Romley, Maricopa County Attorney, by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender, by David Katz, Deputy Public Defender, Phoenix, for Appellant.

OPINION

FIDEL, J.

¶ 1 Juvenile appellant Shane B. argues that the juvenile court erroneously classified him as a "first time felony juvenile offender" and improperly issued him a "first time felony juvenile offender warning" pursuant to amendments to Arizona Revised Statutes Annotated ("A.R.S.") § 8–341 [1] (Supp.1997) that took effect after the date of his offenses. Although the classification and warning have no immediate punitive consequence, both are qualifying steps permitting later classification, after a further felonious offense, as a "repeat felony juvenile offender," a category with distinct punitive consequences pursuant to A.R.S. § 8–341(D). It follows, according to Appellant, that the present attachment of the "first time felony juvenile offender" classification to his offenses has sufficient even-

---

1. During the adjudication of this matter, this statute was designated as A.R.S. § 8–241. It was amended and renumbered as A.R.S. § 8–341 effective July 1, 1998. We will refer to the statute throughout by its current number. The amendments that we discuss, however, are those added by Ch. 220, § 32, 1997 Ariz. Sess. Laws 2134, 2164–69, which took effect on July 21, 1997.

tual punitive potential that its retroactive application violates our state and federal constitutional prohibitions against ex post facto laws. We disagree and affirm.

## HISTORY

¶2 In November 1997, Shane B. pled guilty to two amended counts of Burglary in the Third Degree, class 5 felonies, committed respectively on June 29 and July 4, 1997. At a disposition hearing the following month, the juvenile court adjudicated him a first time felony juvenile offender pursuant to A.R.S. § 8–341(T)(1). Under A.R.S. § 8–341(C), a juvenile court must give the following written notice to such an offender:

> You have been adjudicated a first time felony juvenile offender. You are now on notice that if you are adjudicated of a subsequent offense that would be a felony offense if committed by an adult and if you commit the subsequent offense when you are fourteen years of age or older, you will be placed on juvenile intensive probation, which may include home arrest and electronic monitoring, or you may be placed on juvenile intensive probation and may be incarcerated for a period of time in a juvenile detention center, or you may be committed to the department of juvenile corrections or you may be prosecuted as an adult.

¶3 The court gave such notice to Appellant, whose counsel immediately objected to the application of a statutory amendment to offenses that predated its effective date of July 21, 1997. When the juvenile court overruled this objection, Appellant moved to withdraw from his plea. The court responded that it would consider a written motion, but that withdrawal from the plea, if permitted, would return Appellant to detention.

¶4 Faced with the prospect of further detention, Appellant retracted his motion to withdraw from the plea; instead he moved to stay disposition pending an appeal. The juvenile court denied the stay, observing that to issue the statutory warning, even if erroneous, would not cause Appellant any harm.

## RIPENESS

¶5 A.R.S. § 8–341(T)(1) defines a first time felony juvenile offender as one "who is adjudicated delinquent for an offense that would be a felony offense if committed by an adult." A first time felony juvenile offender who, when fourteen or older, commits a subsequent felony is redefined as a repeat felony juvenile offender[2] and is subject to the punitive consequences detailed in the notice quoted above. *See* A.R.S. § 8–341(D). And when a repeat felony juvenile offender commits yet another felony, the juvenile faces trial and incarceration as an adult. *See* A.R.S. §§ 13–501(A)(7), (B)(6), (F)(2)[3]; *see also* A.R.S. § 8–341(E) (requiring warning to repeat felony juvenile offender of consequence of further felonious conduct).

¶6 The 1997 amendments to A.R.S. § 8–341 were intended to deter recidivism among juveniles aged fourteen or older by increasing the consequences for their successive felony offenses, culminating in transfer for adult prosecution. In so doing, according to Appellant, these statutes so fundamentally alter the punitive order that they must be limited to prospective application.

¶7 The State responds that Appellant has not framed an issue ripe for present adjudication; to classify a juvenile as a first time juvenile felony offender lacks any present dispositional consequence; it merely provides notice—perhaps gratuitous—of a consequence dependent on recidivism that may never occur.

---

**2.** A.R.S. § 8–341(T)(2) defines a "repeat felony juvenile offender" as a juvenile who "(a) Is adjudicated delinquent for an offense that would be a felony offense if committed by an adult" and "(b) Previously has been adjudicated a first time felony juvenile offender."

**3.** A.R.S. § 13–501(F)(2) defines a "chronic felony offender" as "a juvenile who on at least two prior separate occasions has been adjudicated delinquent for conduct that would constitute a historical prior felony conviction if the juvenile had been tried as an adult." A chronic felony offender may be prosecuted for a felony as an adult at age fourteen and shall be prosecuted for a felony as an adult at age fifteen or older. *See* A.R.S. §§ 13–501(A)(7), (B)(6).

¶ 8   We agree that only if Appellant commits another felony will he face the prospect of adjudication as a repeat felony juvenile offender under A.R.S. § 8–341(D). And only if he commits two further felonies will he face the prospect of transfer as a "chronic felony offender" under A.R.S. § 13–501. Neither eventuality may come about. Yet Appellant has been *formally adjudicated* a first time felony juvenile offender, which is a statutory prerequisite to later adjudication as a repeat felony juvenile offender. If the juvenile court is mistaken in this aspect of its adjudication, now is the time to correct the error. Accordingly, we proceed to the merits.

## RETROACTIVE APPLICATION

¶ 9   When the juvenile court adjudicated Appellant a first time felony juvenile offender, it engaged in a retroactive application of A.R.S. § 8–341. Retroactive application of a criminal statute violates the ex post facto clauses of the state and federal constitutions if it " 'changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed .' " *State v. Noble,* 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992) (quoting *Calder v. Bull,* 3 U.S.(3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (Chase, J.)).

¶ 10   Although courts often conduct ex post facto analysis by contrasting punitive with regulatory consequences, these are overlapping categories, and a statute may have "both punitive and regulatory effects." *Id.* at 178, 829 P.2d at 1224. Such a statute is A.R.S. § 8–341.

¶ 11   We have defined the purpose of amended A.R.S. § 8–341 as to deter juvenile recidivism. The Supreme Court has identified deterrence as one of the "traditional aims of punishment." *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *accord Noble,* 171 Ariz. at 177, 829 P.2d at 1223. We do not regard

deterrent purpose, however, as a decisively punitive factor, as purely regulatory measures may likewise be undertaken with the objective of deterring crime.

¶ 12   The instant case, significantly, does not entail the enhanced punishment of a repeat felony juvenile offender pursuant to subsection (D) of A.R.S. § 8–341, but rather the issuance of a warning to a first time felony juvenile offender pursuant to subsections (C) and (T)(1). The statutory provisions for first time felony juvenile offenders attempt to achieve deterrence not through present punishment, but through warning of increased punishment for future felonious acts. Thus, Appellant has sustained no greater punishment by virtue of his designation as a first time felony juvenile offender than he faced under " 'the law annexed to the crime, when committed.' " *Noble,* 171 Ariz. at 173, 829 P.2d at 1219 (quoting *Calder,* 3 U.S. (3 Dall.) at 390). Indeed, that designation has not subjected him to punishment at all.[4]

¶ 13   We contrast *Saucedo v. Superior Court,* 190 Ariz. 226, 946 P.2d 908 (App.1997), where we invalidated the retroactive application of an automatic transfer provision that would have deprived the juvenile "of eligibility to be retained in the juvenile court and to receive the lesser punitive consequences applicable there." *Id.* at 229, 946 P.2d at 911. In *Saucedo,* the juvenile was exposed to increased punitive consequences as a result of his present crime; Appellant will face increased punishment only if he reoffends.[5]

## CONCLUSION

¶ 14   In summary, we acknowledge that A.R.S. § 8–341 has both punitive and regulatory effects. But when we consider Appellant's classification as a first time felony juvenile offender pursuant to subsections (C) and (T)(1) of A.R.S. § 8–341, we find the statuto-

4.  The juvenile court exercised its discretion to commit Appellant to juvenile intensive probation pursuant to A.R.S. § 8–272(C)(renumbered as § 8–352(C)); the court imposed no punishment under A.R.S. §§ 8–341(T) and (C).

5.  Appellant argues that he might have reconsidered his plea if advised that it would subject him

to a classification that would render him more susceptible to adult prosecution in the event of future juvenile offenses. This argument overlooks that Appellant declined, when extended the opportunity by the juvenile court, to file a written motion to withdraw his guilty plea.

ry impact upon Appellant predominantly regulatory, not punitive. We therefore find no constitutional impediment to the retroactive application of the statute to Appellant in this case. Because the juvenile court did not err in adjudicating Appellant as a first time felony juvenile offender and issuing him a warning proper to that status, the juvenile court's disposition is affirmed.

THOMPSON, P.J., and VOSS, J., concurring.