7 P.3d 94

**In re: SHANE B.**

**No. CV–98–0422–PR.**

Supreme Court of Arizona, En Banc.

July 27, 2000.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, Attorneys for Appellee State of Arizona.

Dean W. Trebesch, Maricopa County Public Defender by David Katz, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

JONES, Vice Chief Justice.

¶ 1 Petitioner Shane B., a juvenile, argues that the juvenile court erred in designating him a "first time felony juvenile offender" and in issuing a "first time felony juvenile offender" warning pursuant to A.R.S. § 8–341,[1] a statute which took effect after the date of his offenses. The court of appeals analyzed the case under the *ex post facto* provisions of the federal and state constitutions, concluding that the designation and warning have no punitive consequence and that the statute's retroactive application does not violate *ex post facto* principles. Petitioner contends that the court of appeals erred because it failed to address his central and dispositive argument, that the Arizona Legislature did not intend retroactive application of section 8–341, and that impermissible retroactive application of the statute violates his constitutional right to due process.

### Facts and Procedural History

¶ 2 On November 17, 1997, petitioner pled guilty to two amended counts of burglary in the third degree, class 5 felonies, committed respectively on June 29 and July 4, 1997, prior to the effective date of the relevant provisions of section 8–341. At a subsequent disposition hearing, after the effective date of section 8–341, the juvenile court adjudicated petitioner a "first time felony juvenile offender" pursuant to section 8–341(T)(1). The court, as required by section 8–341(C) upon such adjudication, gave petitioner the following written notice:

> You have been adjudicated a first time felony juvenile offender.

> You are now on notice that if you are adjudicated of a subsequent offense that would be a felony offense if committed by an adult and if you commit the subsequent offense when you are fourteen years of age or older, you will be placed on juvenile intensive probation, which may include home arrest and electronic monitoring, or you may be placed on juvenile intensive probation and may be incarcerated for a period of time in a juvenile detention center, or you may be committed to the department of juvenile corrections or you may be prosecuted as an adult.

¶ 3 After the court issued its warning, petitioner's counsel immediately objected to the retroactive application of the statute to offenses that predated its effective date of July 21, 1997. When the juvenile court overruled this objection, petitioner moved to withdraw his guilty plea. The court explained that it would consider a written motion, but that withdrawal from the plea, if permitted, would return petitioner to detention.

¶ 4 Petitioner then retracted his motion to withdraw the plea and moved to stay disposition pending appeal. The juvenile court denied the stay, reasoning that issuing the statutory warning, even if erroneous, did no harm to petitioner's interests. The court of appeals affirmed the juvenile court orders, but, as noted, premised its holding on nonviolation of the *ex post facto* clauses. We agree with petitioner that the dispositive issue is whether the juvenile court's application of section 8–341 was indeed retroactive, and if so, whether such application is permissible. That issue was properly raised in the court of

---

1. During the adjudication of this matter, this statute was designated as A.R.S. § 8–241. It was amended and renumbered as A.R.S. § 8–341 effective July 1, 1998. We refer to the statute in this opinion by its current number. The amendments that we discuss, however, are those added by Ch. 220, § 32, 1997 Ariz. Sess. Laws 1810, 1810–14, which took effect on July 21, 1997.

appeals but not resolved. We granted review to resolve it.

## Discussion

¶ 5 Petitioner argues the legislature did not intend to apply section 8–341 retroactively and that retroactive application impermissibly divested petitioner of a statutory right to avoid having his juvenile records used for adult prosecution purposes in the possible event of a future criminal offense. Specifically, petitioner urges that retroactive application of section 8–341 to his case violates due process because the legislature had said, in section 8–207(C), that his juvenile court record would not be used for adult court purposes.[2]

¶ 6 We agree with the court of appeals that retroactive application of section 8–341 does not violate prohibitions against *ex post facto* laws set forth in the United States and Arizona Constitutions.[3] *See* U.S. Const. art. I, § 9; Ariz. Const. art. II, § 25. Retroactive application of the statute in the instant case does not "change[ ] the punishment, [or] inflict [a] greater punishment than the law annexed to the crime, when committed." *State v. Noble,* 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)).

¶ 7 The appeals court also concluded correctly that "[w]hen the juvenile court adjudicated [petitioner] a first time felony juvenile offender, it engaged in a retroactive application of A.R.S. § 8–341." (Op. at ¶ 9) Courts look to the date of the offense, rather than the date of adjudication, to determine retroactivity of application. *See State v. Yellowmexican,* 142 Ariz. 205, 207, 688 P.2d 1097, 1099 (App.1984). The offenses charged against petitioner were committed prior to the effective date of the statute. Any application of section 8–341 to prior offenses necessarily has retroactive implications. Because of such retroactive application, petitioner contends that the statutory prohibitions on retroactive application embodied in A.R.S. §§ 1–244, 1–246, and 1–105(B) have been violated.[4]

¶ 8 While petitioner accurately recites the general prohibition on retroactive application of statutes and statutory amendments pursuant to sections 1–244, 1–246, and 1–105(B), the prohibition on retroactive application of statutes is not absolute. "As in other jurisdictions, Arizona courts have engrafted an exception onto [the] general rule [set forth in section 1–244]. Under [this] exception, a statute does not have [impermissible] retroactive effect if it is merely procedural and does not affect an earlier established substantive right." *Bouldin v. Turek,* 125 Ariz. 77, 78, 607 P.2d 954, 956 (1979) (citing *Allen v. Fisher,* 118 Ariz. 95, 574 P.2d 1314 (App.1977)). Accordingly, even if the legislature is silent regarding the retroactivity of a statute, a court may apply such statute retroactively if it is merely procedural. *See St. Joseph's Hosp. and Med. Ctr. v.*

2. The current version of section 8–207(B), effective July 21, 1997, provides:

    The disposition of a juvenile in the juvenile court may not be used against the juvenile in any case or proceeding other than a criminal or juvenile case **in any court,** whether before or after reaching majority . . . .

    The prior version of that statute, section 8–207(C), applicable at the time of petitioner's offenses, limited use of a juvenile court disposition to **juvenile cases.** (Emphasis added.)

3. Courts have uniformly held that "repeat" or "chronic" felony offender statutes do not violate federal or state constitutional prohibitions on *ex post facto* laws because such laws do not punish individuals for past conduct, but rather notify previous offenders that they are subject to increased punishment if they commit crimes in the future. *See, e.g., Myers v. District Court for Fourth Judicial Dist.,* 184 Colo. 81, 518 P.2d 836,

838 (1974); *Gilmore v. Florida,* 390 So.2d 69, 70 (Fla.1980); *State v. Yellowmexican,* 142 Ariz. 205, 206–07, 688 P.2d 1097, 1098–99 (App. 1984).

4. A.R.S. § 1–244 states that "[n]o statute is retroactive unless expressly declared therein." Similarly, section 1–246 provides:

    When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

    Further, section 1–105(B) states that

    [w]hen an offense is committed prior to the time these Revised Statutes take effect, the offender shall be punished under the law in effect when the offense was committed.

*Superior Court,* 164 Ariz. 454, 457, 793 P.2d 1121, 1124 (App.1990). The relevant inquiry thus becomes whether retroactive application of section 8–341 to petitioner "affect[ed] an earlier established substantive right" and is therefore improper. *Id.*

¶ 9 A precise distinction between substantive and procedural rights or interests has proven elusive. Nevertheless, Arizona courts have stated that although "there is no precise definition of either term, it is generally agreed that a substantive law creates, defines, and regulates rights while a procedural one prescribes the method of enforcing such rights or obtaining redress." *Allen,* 118 Ariz. at 96, 574 P.2d at 1315; *Black's Law Dictionary* 1429 (6th ed.1990) (citing *Allen*). In the criminal context, substantive law "either defines a crime or involves the length or type of punishment." *Lamb v. Kansas Parole Bd.,* 15 Kan.App.2d 606, 812 P.2d 761, 764 (1991) (quoting *State v. Sutherland,* 248 Kan. 96, 804 P.2d 970 (1991)). While statutes concerning juvenile matters are generally considered civil in nature, courts have "applied the canon of strict construction against the state in construing statutes relating to juvenile matters that involve traditionally criminal conduct. Such an application is warranted in light of the potential deprivation of liberty involved in juvenile delinquency proceedings." *In re Daniel H.,* 237 Conn. 364, 678 A.2d 462, 465–66 (1996) (citations omitted).

¶ 10 Petitioner argues that his substantive rights have been affected because prior to section 8–341, a juvenile record could not be used to assert jurisdiction over a juvenile in adult court. *See* A.R.S. § 8–207. He maintains that under the statute, "first time felony juvenile offender" status is penal because it is a prerequisite to adjudication in adult court.[5] He reasons that placement in this progressive punitive scheme, that is, prosecution in adult court for subsequent felonies, is itself penal and therefore violative of his

substantive interests because even "[t]he possibility of transfer from juvenile court to a court of general criminal jurisdiction is a matter of great significance to the juvenile." *Breed v. Jones,* 421 U.S. 519, 535, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Petitioner enumerates such substantive or "critical" juvenile interests jeopardized by transfer to adult court as (1) the right to be rehabilitated as a child in juvenile court with the concomitant treatment programs; (2) the *parens patriae* doctrine under which the state gives added protections to its juvenile offenders; (3) the right to avoid adult felony records and resultant legal disabilities; and (4) the right to avoid adult mandatory sentencing schemes.

¶ 11 While this court has not considered, in a juvenile context, the scope of the procedural exception to the prohibition on retroactive application of statutes, the court of appeals has considered its scope in the context of a law requiring that juvenile sex offenders submit to DNA testing by authorities. *See Matter of Appeal in Maricopa County Juvenile Action Nos. JV–512600 and JV–512797,* 187 Ariz. 419, 930 P.2d 496 (App. 1996). In that case, the court concluded that statutes requiring extraction of DNA material from juvenile sex offenders after adjudication of delinquency are investigatory tools that have "no effect on the underlying offense or punishment" and thus, "are procedural in nature and may be retroactively applied." *Id.* at 422, 930 P.2d at 499. We agree that a statute may be applied retroactively if it has no effect on the underlying offense or the resulting punishment for that offense.

¶ 12 In another case, our court of appeals invalidated the retroactive application of an automatic transfer provision that would have deprived the juvenile "of eligibility to be retained in the juvenile court and to receive the lesser punitive consequences applicable there." *Saucedo v. Superior Court,* 190 Ariz.

---

5. A.R.S. § 8–341(T)(1) defines a first time felony juvenile offender as one "who is adjudicated delinquent for an offense that would be a felony offense if committed by an adult." A first time felony juvenile offender who, when fourteen or older, commits a subsequent felony is redefined as a repeat felony juvenile offender and is subject to the punitive consequences enumerated in section 8–341(D). Ultimately, when a repeat felony juvenile offender commits another felony, the juvenile faces trial and incarceration as an adult pursuant to sections 13–501(A)(7), (B)(6), and (G)(2).

226, 229, 946 P.2d 908, 911 (App.1997); *see also In re Hockenbury,* 9 Kan.App.2d 450, 680 P.2d 561, 562–63 (1984) (statutory amendment which narrowed the jurisdictional limits placed on juvenile proceedings is substantive rather than procedural and therefore may be applied prospectively only); *In re Daniel H.,* 678 A.2d at 467 (statute eliminating the right of a juvenile to take interlocutory appeal from a transfer order affects a juvenile's substantive interests and therefore may not be applied retroactively).

¶ 13 *Saucedo* is distinguishable, however. The key distinction, essential to the *Saucedo* court's holding, was that Saucedo, a juvenile, was exposed to increased punitive consequences as a result of his *present* crime, *i.e.,* the actual underlying offense, not a nonexistent future crime. Here, unlike *Saucedo,* petitioner faces consequences *only* if he reoffends in the future. Accordingly, section 8–341 can have no effect on petitioner's present offense or its punishment and thus can have no impact on petitioner's earlier established substantive rights. Of course, we will not speculate about a future criminal act which may never occur.

¶ 14 While the Arizona court of appeals has invalidated retroactive application of a juvenile "automatic transfer" provision in "present" or "underlying" crime situations, other courts have held that the retroactive application of an automatic transfer provision is permissible because it simply effects a change in criminal procedure. *See In re Fultz,* 211 Mich.App. 299, 535 N.W.2d 590, 595 (1995), *reversed on other grounds* by *People v. Fultz,* 453 Mich. 937, 554 N.W.2d 725 (1996). In *Fultz,* the Michigan court of appeals reasoned that because the transfer provision did not alter "either the rights of a defendant or any substantive elements of the crime charged," it could be applied retroactively as a procedural measure. *In re Fultz,* 535 N.W.2d at 595 (emphasis added). In reaching its decision, the court rejected the juvenile's argument that the automatic waiver statute deprived him of a right to rehabilitation in the juvenile system. *See id.* The court noted explicitly that the defendant had no right to be adjudicated as a juvenile. *See id.* Consequently, because determinations of

juvenile court jurisdiction are statutorily created, "a legislature is free to limit juvenile court jurisdiction by completely removing some offenders who would otherwise be classified as juveniles." Klein, *Dennis the Menace or Billy the Kid: An Analysis of the Role of Transfer to Criminal Court in Juvenile Justice,* 35 Am.Crim. L.Rev. 371, 390 (1998); *see also State v. Angel C.,* 245 Conn. 93, 715 A.2d 652, 660 (1998) ("[A] review of state and federal decisions reveals that statutes providing, under stated circumstances, for mandatory adult adjudication of offenders of otherwise juvenile age, routinely have been upheld against due process challenges based on *Kent* [*v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) ]."); *United States v. Bland,* 472 F.2d 1329 (D.C.Cir.1972).

¶ 15 While the petitioner cites *Breed v. Jones, Kent v. United States,* and other cases for the proposition that a juvenile has a "critically important interest" in transfer to adult court, the present case remains distinguishable because *Jones, Kent, Saucedo,* and *Fultz* involved actual transfer or immediate risk of transfer to adult court *for present crimes.* We need not decide the issue presented in those cases because petitioner's interests in the present case are at risk only prospectively. Petitioner does not presently lose any enumerated right or privilege as a result of his "first time felony juvenile offender" designation. No case cited by petitioner involves warnings of possible future forfeiture of juvenile status.

¶ 16 The issue in the present case is whether being designated a "first time felony juvenile offender" for purposes of being placed in a progressive punishment scheme for future criminal activity necessarily impacts petitioner's pre-existing substantive rights. We conclude, as a matter of law, that petitioner's substantive interests have not been divested by application of the statute to him. Any transfer of petitioner to adult court or consequent forfeiture of juvenile system privileges depends solely on future, as yet non-existent, criminal activity, and we decline to speculate on future criminal activity. The statute does not affect petitioner's present offense. We therefore hold that ap-

plication of the section 8–341 classification and warning to the facts of this case is permissible because its effect as to the petitioner is procedural.

### Disposition

¶ 17 The judgment of the court of appeals is affirmed, and the opinion of the court of appeals is modified in accordance with this opinion.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice, and RUTH V. McGREGOR, Justice.