75 P.3d 137

**STATE of Arizona, Appellee,**

v.

**Gary STORY, Appellant.**

**No. 1 CA–CR 02–0363.**

Court of Appeals of Arizona, Division 1, Department E.

Aug. 26, 2003.

Terry Goddard, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Consuelo M. Ohanesian, Assistant Attorney General, Jon G. Anderson, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Karen M. Noble, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Gary Story appeals his convictions and sentences on one count of possession of dangerous drugs and one count of possession of drug paraphernalia. He argues that the trial court erred in denying his motion to suppress the evidence seized from his van and also committed errors while sentencing him under Proposition 200.[1] Because only our resolution of the Proposition 200 sentencing issues merits publication, we have addressed and affirmed the trial court's suppression ruling in a separate memorandum decision. *See* Ariz. R. Sup.Ct. 111(h); Ariz. R.Crim. P. 31.26; *State v. Evenson,* 201 Ariz. 209, 210, ¶ 1, 33 P.3d 780, 781 (App.2001).

¶ 2 Story contends that he was illegally sentenced under Proposition 200 for two reasons. First, the trial court designated his convictions—possession of dangerous drugs and possession of drug paraphernalia—as separate "strikes" under Proposition 200, but he argues that these two convictions should

be considered as a single strike for Proposition 200 purposes. Second, the trial court imposed 360 hours of community service, but he argues that community service cannot be imposed on a first-time offender under Proposition 200. We agree that Story's drug and paraphernalia convictions should be considered a single strike for Proposition 200 sentencing purposes. *See State v. Gallagher,* 205 Ariz. 267, 270, ¶ 10, 69 P.3d 38, 41 (App. 2003). We further hold that community service may be imposed on a first-time offender under Proposition 200. Accordingly, we affirm Story's convictions and sentences, including the community service requirement, but modify the sentencing order to excise the "second strike" designation.

## FACTS AND PROCEDURAL HISTORY

¶ 3 Story was found guilty of one count of possession of dangerous drugs and one count of possession of drug paraphernalia. Both offenses occurred on December 19, 2000 when, during a search of his van, police found methamphetamine and drug paraphernalia (a pipe). Story agreed to submit the case to the trial court based on a stipulated record of police reports and lab analyses. In addition to finding Story guilty, the court concluded that the drug paraphernalia was intended for his personal use.

¶ 4 At the sentencing hearing, the trial court designated each offense as a separate strike under Proposition 200. The court ordered concurrent terms of probation on the convictions, with no jail time.[2] Additionally, the court ordered mandatory drug treatment and imposed 360 hours of community service as a condition of probation on the drug possession conviction. Story timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–

---

1. In 1996, the voters approved the Drug Medicalization, Prevention, and Control Act, commonly referred to as Proposition 200, which is codified primarily in Arizona Revised Statutes ("A.R.S.") section 13–901.01 (2001).

2. In 2001, our supreme court interpreted the probation eligibility provisions of § 13–901.01 to apply to convictions for possession of items of drug paraphernalia associated with personal drug use by persons also charged with or who

could have been charged with possession of a controlled substance. *State v. Estrada,* 201 Ariz. 247, 252, ¶ 24, 34 P.3d 356, 361 (2001). By a referendum election held on November 5, 2002, the voters approved H.C.R.2013, which amended A.R.S. § 13–901.01(A) and (D) to include drug paraphernalia convictions. *See* A.R.S. § 13–901.01(A),(D) (Supp.2002); Laws 2002, H.C.R. No.2013.

120.21(A)(1) (1992), 13–4031 (2001), and 13–4033(A) (2001).

## ONE STRIKE

■ ¶ 5 Story argues that the trial court imposed an illegal sentence when it found that each conviction constituted a separate strike for purposes of § 13–901.01. He bases his argument primarily on the language of the statute as well as the intent of Proposition 200. In response, the State first argues that this issue is not ripe for consideration because Story was granted probation on both counts with no jail time and there is no consequence from the trial court's designation of the conviction on count two as a second strike. The State alleges that Story will only suffer an adverse consequence if he is convicted a third time of a drug offense and that this court should therefore decline to consider the issue at this time.

¶ 6 We agree that Story can be sent to prison only if he commits another drug-related offense, and this eventuality may never occur. Yet, Story has been formally adjudicated as having two strikes pursuant to § 13–901.01. If the trial court erred in this aspect of the adjudication, now is the time to correct the error. *See In re Shane B.*, 194 Ariz. 221, 223, ¶ 8, 979 P.2d 1014, 1016 (App. 1998), *affirmed as modified*, 198 Ariz. 85, 7 P.3d 94 (2000) (When the juvenile court found a juvenile to be a first-time felony juvenile offender pursuant to statute, the issue was ripe for review even though the juvenile had not yet committed another offense.). Therefore, we find the issue ripe for review.

■ ¶ 7 We recently addressed the precise issue presented here. In *State v. Gallagher*, we held "that convictions for possession of drugs and possession of associated drug paraphernalia for personal use, arising out of the same occasion, constitute just one 'time' of conviction under Proposition 200." *Gallagher*, 205 Ariz. at 270, ¶ 10, 69 P.3d at 41.

¶ 8 The State argues that the plain language of the statute supports the trial court's conclusion that these two convictions should constitute strikes one and two for Proposition 200 sentencing purposes. The State also relies on *State v. Guillory*, 199 Ariz. 462, 464, ¶ 3, 18 P.3d 1261, 1263 (App.2001) (holding that "the term 'convicted' throughout § 13–901.01 refers to a conviction on the instant offense for which an offender faces sentencing"), and *State v. Garcia*, 189 Ariz. 510, 515, 943 P.2d 870, 875 (App.1997) (holding that for purposes of § 13–604(U)(1)(d), prior felony convictions are counted in chronological order), to bolster the conclusion of the trial court. We have considered the State's arguments in this case, but we conclude that our reasoning in *Gallagher* remains persuasive. *See Gallagher*, 205 Ariz. at 270, ¶¶ 10–12, 69 P.3d at 41. Story's convictions for possession of drugs and drug paraphernalia for personal use should be considered as one strike for Proposition 200 sentencing purposes, and his sentences must be modified accordingly.

## COMMUNITY SERVICE

■ ¶ 9 Story also argues that § 13–901.01 prohibits the imposition of community service on a first-time offender. Because this issue involves a matter of statutory construction, we apply a *de novo* standard of review. *See Guillory*, 199 Ariz. at 464, ¶ 3, 18 P.3d at 1263. Section 13–901.01, at the time of Story's offenses, provided in pertinent part:

A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

. . .

D. If a person is convicted of personal possession or use of a controlled substance as defined in § 36–2501, as a condition of probation, the court shall require participation in an appropriate drug treatment or education program administered by a qualified agency or organization that provides such programs to persons who abuse controlled substances. Each person enrolled in a drug treatment or education program shall be required to pay for par-

ticipation in the program to the extent of the person's financial ability.

E. A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions short of incarceration.

F. If a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest or any other action within the jurisdiction of the court.

¶ 10 Story's argument begins with subsection A, which provides that § 13–901.01 applies "[n]otwithstanding any law to the contrary." The argument then proceeds to subsections A and D, which purportedly list the only sentencing options available for first-time offenders. Notably, community service is not specifically listed in § 13–901.01(A) or (D). The argument further points out that community service is specifically listed as one of several "additional conditions" of probation available when a person violates probation (subsection E) or when a person is convicted a second time (subsection F). Story contends, therefore, that because § 13–901.01 overrides other statutes and because it lists community service only as an "additional condition" of probation for second-time offenders or probation violators, the electorate did not intend that community service be available as a term of probation for first-time offenders. We disagree.

¶ 11 Although § 13–901.01(A) contains the introductory phrase "[n]otwithstanding any law to the contrary," this language when read in context means simply that first- and second-time offenders under Proposition 200 will be eligible for probation and shall be placed on probation, notwithstanding other sentencing statutes that authorize commitment to prison. *See Calik v. Kongable*, 195 Ariz. 496, 501, ¶ 22, 990 P.2d 1055, 1060 (1999); *State v. Tousignant*, 202 Ariz. 270, 272, ¶ 10, 43 P.3d 218, 220 (App.2002). It does not mean that all other applicable sentencing statutes, which may be complementary rather than "contrary," are displaced by § 13–901.01. This conclusion is illustrated by an examination of an additional sentencing statute applicable in this very case.

¶ 12 Story was sentenced on the drug possession conviction pursuant to A.R.S. § 13–3407(I) (Supp.2002) as well as § 13–901.01. Section 13–3407(I) provides:

> If a person who is convicted of a violation of a provision of this section is granted probation, the court *shall order* that as a condition of probation the person perform not less than *three hundred sixty hours* of community service with an agency or organization providing counseling, rehabilitation or treatment for alcohol or drug abuse, an agency or organization that provides medical treatment to persons who abuse controlled substances, an agency or organization that serves persons who are victims of crime or any other appropriate agency or organization.

(emphasis added).[3] Under Story's analysis, § 13–3407(I) would be overridden by § 13–901.01 and the trial court would have no authority to impose 360 hours of community service. We conclude, however, that § 13–3407(I) is not contrary to § 13–901.01. Rather, these two statutes impose different but complementary requirements on trial courts sentencing defendants for certain drug offenses. There is no conflict between the express language of §§ 13–3407 and 13–901.01.

¶ 13 Story contends that because § 13–901.01 does not expressly list community service as an available option for first-time offenders, the maxim of *expressio unius est exclusion alterius* ("*expressio unius*")—the

---

**3.** This subsection was designated as subsection (H) at the time Story was found in possession of dangerous drugs. Section 13–3407 was amended by Laws 2001, Ch. 334, § 14, and subsection (H) became subsection (I).

expression of one thing implies the exclusion of the others—compels the interpretation that § 13–901.01 does not authorize community service for first-time offenders. Although *expressio unius* is an established rule of statutory construction, this rule is not always applicable or controlling. *See State v. Fell*, 203 Ariz. 186, 189, ¶ 11, 52 P.3d 218, 221 (App.2002). If we were interpreting § 13–901.01 in a vacuum, the rule of *expressio unius* in conjunction with the listing of community service as an "additional condition" in subsections E and F might persuade us that community service could not be imposed on a first-time offender. But we must interpret § 13–901.01 in conjunction with § 13–3407(I). *See State v. Cid*, 181 Ariz. 496, 499–500, 892 P.2d 216, 219–20 (App.1995) (statutes *in pari materia* are read together and harmonized to avoid rendering any word, clause or sentence superfluous or void). The express language of § 13–3407(I) requiring community service trumps the arguably implied but unexpressed prohibition of community service under § 13–901.01. *See id.; see also State v. Behl*, 160 Ariz. 527, 530, 774 P.2d 831, 834 (App.1989) (repeal or partial repeal of statutes by implication is not favored, and related statutes should be harmonized, in the absence of clear legislative intent to the contrary).

¶ 14 Additionally, there is no need to resort to a rule of construction such as *expressio unius* because §§ 13–3407 and 13–901.01, when read together, are not ambiguous regarding community service and may be applied as written without the need for interpretation. *Cf. Colangelo v. Norwest Mortgage, Inc.*, 598 N.W.2d 14, 17–18 (Minn. Ct.App.1999) (*expressio unius* only used when statutory language is ambiguous); *State v. Euman*, 210 W.Va. 519, 558 S.E.2d 319, 324 (2001) (McGraw, C.J., concurring) ("*expressio unius* is not a rule of law, but merely an aid to construing an otherwise ambiguous statute.").

■ ¶ 15 As his final argument, Story urges us to apply the rule of lenity so that these statutes may be interpreted in his favor. The rule of lenity dictates that any doubt about statutory construction be resolved in favor of a defendant. *Fell*, 203 Ariz. at 189, ¶ 10, 52 P.3d at 221. But the rule of lenity, like the *expressio unius* maxim, applies only when a statute is ambiguous. *See id.; State v. Calderon*, 171 Ariz. 12, 14, 827 P.2d 473, 475 (App.1991). Because §§ 13–3407(I) and 13–901.01 are not ambiguous regarding community service, the rule of lenity does not apply.

■ ¶ 16 Our conclusion regarding community service is further supported by recognizing that one of the express purposes of Proposition 200 is drug treatment and rehabilitation in the context of probation. *See Tousignant*, 202 Ariz. at 271–72, ¶¶ 5–6, 43 P.3d at 219–20. We have previously stated that Proposition 200 requires "alternatives to incarceration such as treatment, education, and community service for those convicted for the first time of possession or use of dangerous drugs." *State v. Smith*, 198 Ariz. 568, 570, ¶ 8, 12 P.3d 243, 245 (App.2000); *see also Mejia v. Irwin*, 195 Ariz. 270, 271, ¶ 9, 987 P.2d 756, 757 (App.1999). Because rehabilitation is one of the purposes of Proposition 200 and because community service may be tailored to enhance rehabilitation, requiring first-time offenders such as Story to participate in community service is fully consistent with the goals of Proposition 200.

¶ 17 For these reasons, we hold that imposing community service in accordance with § 13–3407(I) on a first conviction for drug possession is consistent with and complementary to Proposition 200 and its purposes. Accordingly, the trial court properly included community service as a condition of Story's probation.

### CONCLUSION

¶ 18 We affirm Story's convictions and sentences, including the requirement of community service, but modify the sentencing order to strike that portion that designates the convictions as first and second strikes under Proposition 200. The two convictions together constitute Story's first strike for Proposition 200 sentencing purposes.

CONCURRING: G. MURRAY SNOW, Presiding Judge, and JON W. THOMPSON, Judge.