659 P.2d 652

**Frederick A. MARTIN, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona In and For the COUNTY OF YUMA and the Honorable Douglas W. Keddie, judge thereof, real party in interest, Respondents.**

No. 16322–SA.

Supreme Court of Arizona, En Banc.

Feb. 17, 1983.

Barry H. Hart and Kenneth D. Freedman, Phoenix, for petitioner.

David S. Ellsworth, Yuma County Atty. by Frank Dawley, Yuma, for respondents.

HAYS, Justice.

On September 2, 1982, the Yuma County Grand Jury indicted petitioner on one count of sexual assault, A.R.S. § 13–1406, and six counts of lewd and lascivious acts, former A.R.S. § 13–652. The six counts of lewd and lascivious acts were allegedly committed before October 1, 1978, the effective date of the new criminal code.* The sexual assault was allegedly committed on May 8, 1982. Count one named the victim; counts two through seven used the victim's first name and substituted "Doe" as the last name.

Before trial, petitioner moved for an order to quash the indictment contending that the applicable statute of limitations had expired and that counts two through seven were constitutionally defective because the victims' last names were disguised. Petitioner also moved to sever counts two through seven, the lewd and lascivious charges, from count one. The trial court dismissed count seven of the indictment, but denied the motion to sever.

Petitioner brought this special action on the grounds that the trial court abused its discretion in denying petitioner's motion to quash the indictment and to sever the counts. We accepted jurisdiction of the petition and issued an order staying further proceedings in counts two through six of the indictment (Yuma County Superior Court Criminal Action No. 11378). We further ordered the Superior Court to proceed to trial on count one of the indictment, opinion to follow. We have jurisdiction pursuant to 17A A.R.S. Special Actions, Rules of Proc., rule 8 and Ariz. Const. art. 6, § 5.

The question presented is one of statutory construction. Former A.R.S. § 13–106, in effect at the time counts two through six were allegedly committed, prescribed a five-year time limitation for the commence-

* Counts 2 through 7, lewd and lascivious acts, A.R.S. § 13–652, old code, were allegedly committed on the following dates: count 2, March 1977; count 3, March 1977; count 4, March 1977; count 5, May 1977; count 6, December 1976; count 7, June 1973.

ment of a prosecution of a felony. The present statute of limitations for felonies, A.R.S. § 13–107(B)(1), is seven years. Petitioner's indictment was filed more than five years but less than seven years from the dates of the crimes. Petitioner contends that the state is barred from bringing the charges described in counts two through seven of the indictment because the governing statute of limitations period of five years, former A.R.S. § 13–106, had expired before the indictment was filed. The state responds that present A.R.S. § 13–107 extended the statute of limitations from five to seven years for all offenses occurring before October 1, 1978, and for which the five-year statute of limitations had not run as of that date.

■ We first look to see if the Arizona Legislature has spoken to this issue. Section 179 of Chapter 142 of the 1977 Session Laws which enacted the new criminal code provides in part:

"Sec. 179. Application of act to offenses committed before and after enactment.

"A. The provisions of this act shall govern the construction of and punishment for any offense defined in this act and committed after its effective date.

"B. Except as otherwise expressly provided, or unless the context otherwise requires, the provisions of this act shall govern the construction of and punishment for any offense defined outside this act and committed after its effective date.

"C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted."

It is clear that the legislature has directed that the new criminal code shall only operate prospectively. *State v. Seip*, 128 Ariz. 56, 623 P.2d 845 (App.1980).

The state argues that section 179 does not apply because the statute of limitations is purely procedural and is not a defense on the merits. We find this argument specious. Section 179, subsection C specifically states: "The provisions of this act do not apply to . . . any offense committed before the effective date of this act . . ." Any inquiry into the technical nature of the statute of limitations is simply not relevant. We find nothing to indicate the legislature intended the new seven-year statute of limitations to apply retroactively. We think this is a fair reading of the statute in accordance with A.R.S. § 13–104 which requires that the statutes "be construed according to the fair meaning of their terms to promote justice and effect the objects of the law . . . ."

■ We hold that present A.R.S. § 13–107, prescribing a seven-year statute of limitations for felonies, applies only to those offenses allegedly committed on or after the new criminal code's effective date of October 1, 1978. This reading of the statute is consonant with the purpose of the statute of limitations as enunciated in *State v. Fogel*, 16 Ariz.App. 246, 248, 492 P.2d 742, 744 (1972):

"Statutes of limitation in criminal cases are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct. Unlike a statute of limitation in a civil case, a criminal statute of limitation is not a mere limitation upon the remedy, but a limitation upon the power of the sovereign to act against the accused." (citation omitted)

Accordingly, we hold that counts two through six of the indictment are barred by the applicable statute of limitations and should be dismissed. This resolution renders moot petitioner's remaining arguments that the trial court abused its discretion in refusing to sever counts two through six from count one and that the use of "Doe" as the victims' last names is a fatal defect.

The relief requested in petitioner's special action is granted in part and denied in part.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.