906 P.2d 58

**STATE of Arizona, Respondent,**

v.

**Tina Jean STINE, Petitioner.**

**No. 1 CA–CR 95–0128–PR.**

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 19, 1995.

Richard M. Romley, Maricopa County Attorney by Diane Gunnels, Deputy County Attorney, Phoenix, for Respondent.

Anders V. Rosenquist, Jr., Phoenix, for Petitioner.

## OPINION

VOSS, Presiding Judge.

Tina Jean Stine ("Defendant") petitions this court for review of the trial court's summary denial of post-conviction relief. For the reasons explained below, we grant review, but deny relief.

## BACKGROUND

Defendant pled guilty to two counts of recklessly trafficking in stolen property, class 3 felonies, with one prior felony conviction (burglary in the second degree). The court found the offenses repetitive under A.R.S. section 13–604. The trial court sentenced Defendant to the presumptive term of 7.5 years on each count, the sentences to run concurrently. Defendant will not be eligible for suspension or commutation of sentence, probation, pardon or parole, or release on any basis until two-thirds of the sentence imposed has been served. *See* A.R.S. § 13–604(B) (1989).

Defendant filed a Petition for Post–Conviction Relief contending she was entitled to the benefit of the amended sentencing enhancement statute, A.R.S. section 13–604(B) (1994). Under the amended statute, Defendant's sentence would be eligible for commutation from the date of sentencing. After the state responded, the trial court found no material issue of fact or law which would entitle Defendant to relief and summarily dismissed the petition in accordance with Rule 32.6(c), Arizona Rules of Criminal Procedure. Defendant filed a timely Petition for Review.

## DISCUSSION

Defendant was sentenced under former A.R.S. section 13–604(B), which, among other things, provided that a defendant "shall not be eligible for suspension or commutation of sentence, probation, pardon or parole, work

furlough or release from confinement on any other basis ... until not less than two-thirds of the sentence imposed by the court has been served." After Defendant was convicted and sentenced, section 13–604(B) was amended. *See* 1993 Ariz.Sess.Laws, ch. 255, § 7, effective January 1, 1994; 1994 Ariz. Sess.Laws, ch. 200, § 4, effective April 19, 1994; 1994 Ariz.Sess.Laws, ch. 236, § 1. Amended A.R.S. section 13–604(B) provides in part that:

> [A] person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a class 2 or 3 felony, whether a completed or preparatory offense, and who has a historical prior felony conviction shall be sentenced to imprisonment as prescribed in this subsection and shall not be eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served, the person is eligible for release pursuant to § 41–1604.07 *or the sentence is commuted.*

(Emphasis added.) In addition, effective January 1, 1994, the legislature authorized creation of a seven-member Board of Executive Clemency to be appointed by the governor to replace the Board of Pardons and Paroles. A.R.S. § 31–401 (1994). Among its enumerated powers and duties, the Board of Executive Clemency was granted "exclusive power to pass upon and recommend reprieves, commutations, paroles and pardons" for all persons who committed felony offenses before the effective date of the statute. A.R.S. § 31–402(A) (1994).

■ Defendant notes that although amended A.R.S. section 13–604(B) would have altered her sentence by requiring her to serve the' entire sentence before being eligible for release, it also would have made her sentence eligible for commutation from the date of sentencing. Defendant contends that the portion of the amended sentencing statute allowing for sentence commutation is a significant change in the law which should be given retroactive effect under the standards set forth in *State v. Slemmer,* 170 Ariz. 174, 823 P.2d 41 (1991).[1] Defendant claims that creation of the Board of Executive Clemency with jurisdiction over inmates who committed felony offenses before the effective date of the statute evidences a legislative intent to "bring all persons convicted of a felony equally under the ambit of the Board of Executive Clemency" and thus subject to the commutation provisions of the amended statute. We do not agree.

Absent express language, Arizona statutes are not retroactive. A.R.S. § 1–244 (1995). The language of amended A.R.S. section 13–604(B), does not expressly provide for retroactive application. Additionally, the legislature, in amending A.R.S. section 13–604(B), expressly limited the section's applicability by providing that "[t]he provisions of §§ 1 through 86 and §§ 89 through 95 of this act apply only to persons who commit a felony offense after the effective date of this act." 1993 Ariz.Sess.Laws, ch. 255, § 99. The legislature further demonstrated its intent by providing that:

> It is the intent of the legislature that the provisions of this act relating to parole, work furlough, home arrest, earned release credits and other early release programs have only prospective effect. For any person convicted for an offense committed before the effective date of this act the provisions of this act shall have no effect and such person shall be eligible for and may participate in such programs as though this act has not passed.

1993 Ariz.Sess.Laws, ch. 255, § 101. These special laws clearly indicate that amended A.R.S. section 13–604(B) should only be applied prospectively.

---

1. Defendant notes that retroactive application of the entire amended section 13–604(B) would violate the Ex Post Facto Clause of the United States Constitution, Art. I., § 10, cl. 1, as it would impose harsher restrictions on early release options. *See State v. Thomas,* 131 Ariz. 547, 549, 642 P.2d 892, 894 (App.1982) ("statutes which detrimentally affect parole eligibility are uncon-

stitutional as applied to a person charged with a crime committed prior to enactment of the statute"). Defendant argues that application of only the commutation portion of the amended statute will not violate the prohibition against ex post facto laws and therefore requests a "surgically precise" application of such commutation provision.

■ Moreover, persons convicted of crimes in Arizona generally do not benefit from subsequent changes of the statutory sentencing provisions. A.R.S. section 1–246 (1995) provides that:

> When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

Previously, this court has examined A.R.S. sections 1–105, 1–246, and 1–247 and determined that "[i]n the context of criminal law, an offender must be punished under the law in force when the offense was committed and is not exempted from punishment by a subsequent amendment to the applicable statutory provision." *State v. Hamilton*, 177 Ariz. 403, 406, 868 P.2d 986, 989 (App.1993); *Cf. Martin v. Superior Court*, 135 Ariz. 99, 100, 659 P.2d 652, 653 (1983) (enactment of criminal code effective October 1, 1978, made expressly prospective by Section 179 of Chapter 142 by 1977 Session Laws); *State v. Brown*, 123 Ariz. 406, 407, 599 P.2d 859, 860 (1979) (general statute, A.R.S. section 1–246, and special statute set forth in Section 179, evidence clear legislative intent that statutory amendments regarding sentencing will not have retroactive effect and that defendant's sentence is not subject to modification by new criminal code); *State v. Williams*, 125 Ariz. 438, 440, 610 P.2d 72, 74 (App.1980) (Defendant not entitled to benefit of amended legislation mitigating penalty for possession of marijuana where special laws expressly made 1978 criminal code prospective only).

We also do not agree that the enactment of A.R.S. sections 31–401 and 31–402 evidences a legislative intent to give retroactive effect to the commutation provision of the amended sentencing statute. These sections were also given prospective effect by the special provision of section 99. *See* 1993 Ariz.Sess.Laws, ch. 255, §§ 64, 65; 1993 Ariz.Sess.Laws, ch. 255, § 99, as amended by 1994 Ariz.Sess. Laws, ch. 236, § 17.

Defendant's reliance upon *State v. Slemmer* is also misplaced. *Slemmer* involved retroactive application of state and federal constitutional principles not in existence at the time a conviction became final. 170 Ariz. 174, 823 P.2d 41 (1991). This is not such a case.

Defendant next argues that former A.R.S. section 13–604(B), under which she was sentenced, unconstitutionally limits the governor's clemency powers. *See* Ariz. Const., art 5, § 5. This argument has been considered and rejected by our courts. *State v. Marquez*, 127 Ariz. 98, 102–03, 618 P.2d 592, 596–97 (1980) (provisions of mandatory sentencing term without possibility of probation, parole or commutation does not unconstitutionally limit executive powers under Article 5, Section 5); *State v. Molina*, 118 Ariz. 250, 251, 575 P.2d 1276 (App.1978) (no invasion of executive domain under Article 5, Section 5 because of non-eligibility for parole until minimum sentence served).

■ Finally, Defendant points out that the legislature created a committee of limited duration to study the issue of parity review and make recommendations to the legislature of appropriate categories and methods to achieve parity for offenders sentenced pursuant to past sentencing schemes. *See* 1993 Ariz.Sess.Laws, ch. 255, § 96. Defendant argues that equitable considerations mandate eligibility for commutation because she may have fully served her sentence for a nonviolent, drug-induced crime by the time the committee makes its recommendations, while other, more dangerous offenders will be eligible to have their sentences commuted from the day of sentencing. This argument is also without merit.

The legislature enacted provisions directing the Board of Executive Clemency to conduct a disproportionality review of inmates who are incarcerated under the jurisdiction of the state Department of Corrections who meet certain eligibility requirements. 1994 Ariz.Sess.Laws, ch. 365, § 1. Under the standards adopted by the legislature, Defendant does not meet the eligibility requirements of parity review. *See* 1994 Ariz.Sess. Laws, ch. 365, § 1(A)(2) (inmate must be convicted and sentenced after trial); 1994 Ariz.Sess.Laws, ch. 365, § 1(A)(6)(b) (inmate convicted of a non-serious offense with one or

**4**

more historical prior felony convictions must have received a mandatory sentence or consecutive sentences of at least ten years).[2] The trial court did not abuse its discretion in summarily dismissing the Petition for Post-Conviction Relief.

## CONCLUSION

We have reviewed the record for fundamental error pursuant to *Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614, supplemented by 182 Ariz. 118, 893 P.2d 1281 (1995) and have found none. Therefore, we grant review, but deny relief.

FIDEL and TOCI, JJ., concur.

---

**2.** The state alleges Defendant also argued in her petition that her sentence is grossly disproportionate to the severity of the offenses and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *See State v. Bartlett*, 171 Ariz. 302, 830 P.2d 823, *cert. denied*, 506 U.S. 992, 113 S.Ct. 511, 121 L.Ed.2d 445 (1992) (*Bartlett II*). The trial court found that Defendant's sentences were not grossly disproportionate to the severity of the offenses under *Bartlett II*. Although this argument is not expressly made in Defendant's petition, we agree with the trial court on this issue.