970 P.2d 937

**STATE of Arizona, Respondent,**

v.

**Shawn JENSEN, Petitioner,**

**No. 1 CA–CR 97–0205–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

May 28, 1998.
Review Denied Jan. 12, 1999.

Richard M. Romley, Maricopa County Attorney by Arthur Hazelton, Deputy County Attorney, Phoenix, for Respondent.

Emily Danies Wolitzky, Tucson, for Petitioner.

OPINION

WEISBERG, Judge.

¶ 1   Shawn Jensen ("petitioner") has filed this petition for review from the denial of his third petition for post-conviction relief. He argues that an amended version of Arizona Revised Statutes Annotated ("A.R.S.") section 13–453 should be applied to him retroactively, making him parole eligible because he has served twenty-five years of two concurrent life sentences. We grant review, but deny relief.

## BACKGROUND

¶ 2   In 1973, petitioner was convicted of two counts of first degree murder and, pursuant to former A.R.S. section 13–453 (1972), received concurrent life sentences. His convictions and sentences were affirmed on appeal. *See State v. Jensen,* 111 Ariz. 408, 531 P.2d 531 (1975).

¶ 3   In 1983, petitioner petitioned the trial court for post-conviction relief because of newly-discovered evidence and was granted a new trial. He was again convicted and sentenced to two concurrent life sentences, and his convictions and sentences were again affirmed on appeal. *See State v. Jensen,* 153 Ariz. 171, 735 P.2d 781 (1987).

¶ 4   In 1988, petitioner filed his second petition for post-conviction relief, once more alleging the existence of newly-discovered evidence. The trial court summarily dismissed the petition. This court granted review of his petition for review, but denied relief. *State v. Jensen,* 1 CA–CR 91–396–PR (Ariz. App. Feb. 4, 1993).

¶ 5   In 1996, petitioner filed his third petition for post-conviction relief. He argued that he should be parole eligible because A.R.S. section 13–453 was amended following his first trial to allow prisoners serving life sentences to become parole eligible after twenty-five years in prison. *See* A.R.S. § 13–453 (1973) ("amended section 13–453"). The state responded that these claims both were precluded and lacked merit. The trial court summarily dismissed the petition on the basis of preclusion. *See* Ariz. R.Crim. P. ("Rule") 32.2.

¶ 6   Petitioner filed a motion for rehearing arguing that his claims were not precluded because he had not knowingly waived them and because his prior counsel had been ineffective for failing to raise them. He also noted that four similarly situated inmates had recently been granted parole eligibility through the retroactive application of the statute by the superior court in Pima County. Notwithstanding, his motion was denied.

¶ 7   Petitioner then filed this petition for review, arguing that:

1.   He is not precluded from raising these claims because they are based on a significant change in the law, which is exempt from preclusion and because he has alleged valid reasons for not raising them previously;

2.   He should not be precluded because appellate and prior Rule 32 counsel were ineffective for failing to raise these claims in prior proceedings;

3.   The legislature intended that amended section 13–453 have retroactive effect;

4.   The amended section 13–453 applies retroactively because it is procedural, not substantive, in nature; and,

5.   He has been denied equal protection of the law because four other similarly situated inmates have recently been granted similar relief.

¶ 8   While we agree that petitioner's claims relate to a significant post-sentence change in the law and are therefore not precluded, we conclude that amended section 13–453 does not apply retroactively. We therefore grant review, but deny relief.

## DISCUSSION

### Preclusion

¶ 9   This court reviews the denial of post-conviction relief for an abuse of discretion. *See State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). In the instant case, we find the trial court abused its discretion by dismissing this petition on the basis of preclusion.

¶ 10   "A defendant shall be precluded from relief under [Rule 32] based upon any ground ... [t]hat has been waived at

trial, on appeal, or in any previous collateral proceeding." Rule 32.2(a)(3)(as amended on June 2, 1992).[1] Thus, a petitioner's failure to raise such an issue earlier might preclude him or her from raising it in a subsequent Rule 32 proceeding.

¶ 11 However, a claim based upon a significant change in the law is expressly not precluded from Rule 32 relief. *See* Rules 32.2(b) & 32.1(g)(a person may institute a Rule 32 motion if "there has been a significant change in the law that if determined to apply to defendant's case would probably overturn defendant's conviction or sentence."); *State v. Wilson*, 179 Ariz. 17, 20, 875 P.2d 1322, 1325 (App.1994). When, as in this case, a claim is raised in either a successive or untimely petition:

> the petition must set forth the reasons for not raising the claim in the previous petition or in a timely manner. If meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the petition shall be summarily dismissed.

Rule 32.2(b).

¶ 12 Here, petitioner has submitted an affidavit from his previous Rule 32 attorney stating that, because petitioner was not yet parole eligible, the attorney did not believe it was appropriate to raise this issue earlier. That constitutes sufficient reason for petitioner's failure to argue the claim in prior proceedings. *See* Rule 32.2(b).

¶ 13 Next, if petitioner were correct that the amended version of A.R.S. section 13–453 controls, that would constitute a significant change in the law and make him parole eligible. *See* Rule 32.1(g). Accordingly, that constitutes a "sufficiently meritorious" claim that is not precluded pursuant to Rules 32.2(b) and 32.1(g). *See State v. Slemmer*, 170 Ariz. 174, 184, 823 P.2d 41, 51 (1991) ("When a new principle of law is articulated,

a defendant whose conviction has become final may seek relief under Rule 32"). We therefore find that the trial court's preclusion finding was an abuse of discretion. *See* Rule 32.1(g).[2]

### Legislative Intent

¶ 14 When petitioner committed his murders, A.R.S. section 13–453(A) provided that:

> A person guilty of murder in the first degree shall suffer death or imprisonment in the state prison for life, at the discretion of the jury trying the person charged therewith, or upon a plea of guilty, the court shall determine the punishment.

Under this statute, a defendant was not parole eligible unless his sentence had been commuted by the governor. *See State v. Parle*, 110 Ariz. 517, 519, 521 P.2d 604, 606 (1974).

¶ 15 In 1973, A.R.S. section 13–453(A) was amended to read:

> A person guilty of murder in the first degree shall suffer death or imprisonment in the state prison for life, without possibility of parole until the completion of the service of twenty-five calendar years in the state prison, as determined by and in accordance with the procedures provided in section 13–454.[3]

Petitioner claims that the legislature intended that this amendment apply retroactively, thereby making him parole eligible after serving twenty-five years. We disagree.

¶ 16 Interpretation of a statute is a question of law that we review *de novo*. *See U.S. Parking Sys. v. City of Phoenix*, 160 Ariz. 210, 211, 772 P.2d 33, 34 (App.1989). Arizona statutes are not retroactive absent express language demonstrating clear legislative intent that they be applied as such. *See* A.R.S. § 1–244. Under A.R.S. section 1–246:

---

1. Amended Rule 32 applies to all petitions filed after September 30, 1992. *See* Supreme Court Order, 171 Ariz. XLIV (September 24, 1992).

2. Given this conclusion, we need not consider whether defendant received ineffective assistance of appellate and Rule 32 counsel.

3. "When the penalty for an offense is prescribed by one law and altered by a subsequent law, ... the offender shall be punished under the law in force when the offense was committed." A.R.S. § 1–246; *see also State v. Vineyard*, 96 Ariz. 76, 80, 392 P.2d 30, 33 (1964).

When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

Thus, "an offender must be punished under the law in force when the offense was committed and is not exempted from punishment by a subsequent amendment to the applicable statutory provision." *State v. Stine,* 184 Ariz. 1, 3, 906 P.2d 58, 60 (App.1995) (citations omitted); *see also State v. Brown,* 123 Ariz. 406, 407, 599 P.2d 859, 860 (App.1979) (A.R.S. section 1-246 and special statute evidence of clear legislative intent that statutory amendments regarding sentencing will not have retroactive effect and a defendant's sentence will not be subject to modification).

¶ 17 Petitioner points to three ways in which the legislature expressed its intent that the 1973 amendment be applied retroactively. He points first to the "severability of sentence clause," which the legislature enacted when it amended A.R.S. section 13–453(A). 1973 Ariz. Sess. Laws, 966, 973. It provides that:

> In the event the death penalty is found to be unconstitutional on final appeal, a person convicted of first degree murder or another offense punishable by death who has been sentenced to die shall be resentenced by the sentencing court to life imprisonment without the possibility of parole until the person has served a minimum of twenty-five calendar years.

Petitioner contends that the legislature, in contemplation of the possibility that death sentences imposed in Arizona might be unconstitutional, wanted all resentenced convicts, including those sentenced before the new law, to be resentenced to life in prison with the possibility of parole. We, however, conclude otherwise.

¶ 18 In *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court declared death penalty statutes in Georgia and Texas to be unconstitutional. The pre–1973 Arizona statute did not meet the requirements of *Fur-*

*man* because it failed to include those defined circumstances under which the death penalty would be imposed. *See State v. Murphy,* 113 Ariz. 416, 417, 555 P.2d 1110, 1111 (1976).

¶ 19 The Arizona legislature therefore amended the criminal code to satisfy the *Furman* requirements, but had no guarantee that the amended version would be constitutional. *See id;* A.R.S. § 13–454 (providing a procedure for determining aggravating and mitigating factors). By including section 10, the legislature seemingly intended to deal with the possibility that its amendments might also be declared unconstitutional, and therefore provided contingent resentencing direction to the courts. Its inclusion, however, does not indicate a "clear legislative intent" to make amended section 13–453 retroactive to persons convicted under pre–1973 law.

¶ 20 Petitioner next argues that the legislature expressed its intent to apply the statute retroactively through its subsequent actions relating to A.R.S. section 13–453. Specifically, he points out that the statute's numeric designation has not been altered in subsequent amendments and that parole eligibility has been included in changes in the first-degree murder statute since 1973. Nonetheless we conclude again that this fails to reflect a "clear legislative intent" to make the 1973 amendment retroactive.

¶ 21 Petitioner lastly argues that clear intent may be inferred from the legislature's failure to specifically account for prisoners like him in A.R.S. section 41–1604.09, which provides for parole eligibility of persons incarcerated for felonies committed before January 1, 1994. Subsection D of that statute provides that:

> The prisoner's earliest parole eligibility date occurs when the prisoner has served one-half of his sentence unless the prisoner is sentenced according to any provisions of law which prohibit the release on any basis until serving not less than two-thirds of the sentence imposed by the court, the sentence imposed by the court or any other mandatory minimum term, in which case

the prisoner must have served the sentence required by law.

Petitioner reasons that the legislature must have understood that the 1973 amendment to A.R.S. section 13–453 applied to "lifers" already incarcerated in 1973. Otherwise, they "would have used additional language to include Mr. Jensen, one of the small unclassifiable category of prisoners in the universe of all prisoners described in 41–1604.09." We disagree.

¶ 22 A.R.S. section 41–1604.09(D) specifically refers to "the sentence imposed by the court or any other mandatory minimum term, in which case the prisoner must have served the sentence required by law." This provision encompasses prisoners who committed offenses prior to January 1, 1994, and are not parole eligible. It does not support petitioner's contention that the legislature clearly intended that amended A.R.S. section 13–453 apply retroactively.

### Substantive Nature of Amended A.R.S. Section 13–453

■ ¶ 23 Petitioner next argues that the amendment to A.R.S. section 13–453 is procedural in nature, rather than substantive, and therefore should be applied retroactively. *See State v. Warner,* 168 Ariz. 261, 264, 812 P.2d 1079, 1082 (App.1990). He reasons that, because the court has no discretion to grant or deny parole, the 1973 amendment does not change the sentence given. Accordingly, it procedurally "broadens the class of persons whom the 'parole board' may consider for parole and which the Department of Corrections must certify as eligible for parole." We, however, disagree.

¶ 24 This court has ruled that matters of parole eligibility are substantive in nature. *See State v. Thomas,* 131 Ariz. 547, 549, 642 P.2d 892, 894 (App.1982) ("statutes which detrimentally affect parole eligibility are unconstitutional as applied to a prisoner charged with a crime committed prior to enactment of the statute"); *State v. Valenzuela,* 144 Ariz. 43, 46, 695 P.2d 732, 735 (1985) (provisions of new code for earning release credits could not be applied to old code inmates). While these cases dealt with changes which made a penalty more severe, determinations of parole eligibility and computation of release credits also alter the duration of incarceration, thereby affecting an inmate's substantive rights. Consequently, we conclude that statutory changes to parole eligibility which make a penalty potentially more lenient are substantive in nature and therefore not generally retroactively applied. *See Stine,* 184 Ariz. at 2–3, 906 P.2d at 59–60 (1994 amendment to sentencing code creating more lenient sentence commutation provision for felony offenses not applied retroactively to defendant who committed prior offense).

### Equal Protection

■ ¶ 25 Finally, petitioner argues that he has been denied equal protection because four inmates in Pima County have been granted relief on this issue. We note, however, that the state failed to file a special action petition in any of those cases. Superior court decisions are not binding upon this court. In any event, the fact that lower courts have come to disparate conclusions about the law does not implicate the equal protection clause of the United States Constitution. *See State v. Castano,* 89 Ariz. 231, 234, 360 P.2d 479, 481 (1961) (fact that others allegedly less worthy than defendant received lesser punishment does not violate equal protection). We therefore find no denial of petitioner's equal protection rights.

### *CONCLUSION*

¶ 26 Because petitioner's claims are not precluded, we accept review. However, for the foregoing reasons, we deny relief.

NOYES and VOSS, JJ., concur.