153 P.3d 418

**STATE of Arizona, Respondent,**

v.

**Edward Harry GUM, Petitioner.**

**No. 1 CA–CR 06–0683 PRPC.**

Court of Appeals of Arizona,
Division 1, Department D.

March 6, 2007.

---

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, and Sheila Sullivan Polk, Yavapai County Attorney By Dennis

M. McGrane, Deputy County Attorney, Prescott, Attorneys for Respondent.

Sherman Jensen, P.C. By Sherman Jensen, Prescott, Attorney for Petitioner.

## OPINION

WINTHROP, Presiding Judge.

¶ 1 Petitioner Edward Harry Gum seeks review of the trial court's order denying post-conviction relief. For the reasons that follow, we grant review but deny relief. We hold that, because the statute of limitations in effect at the time of the commission of Gum's acts had not expired when the legislature extended the statute of limitations, Gum's prosecution was not time-barred.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On September 14, 1991, two young women were sexually assaulted at gunpoint. The ordeal lasted almost an hour, during which time the victims were forced to perform various sexual acts with the assailant and with each other. The victims reported these crimes to police immediately. Despite their best efforts, police were not able to identify the assailant, and the crimes remained unsolved until 2004.

¶ 3 In March 2002, Gum was serving a prison sentence for an unrelated crime when the Arizona Department of Corrections drew a sample of his blood.[1] The sample was sent to the Department of Public Safety Crime Lab for a DNA profile. After the profile was completed, law enforcement personnel discovered that it matched the DNA profile created from semen samples collected from the two 1991 sexual assault victims. This profile had been entered into the national database known as the Combined DNA Index System, commonly referred to as "CODIS."

¶ 4 Within months of this discovery, Gum was indicted. Ultimately, the parties resolved the case by plea agreement. Gum pled guilty to two counts of sexual assault with two prior felony convictions, class 2 nondangerous but repetitive offenses. The trial court accepted the plea and later sentenced Gum to consecutive terms of twenty-eight years' imprisonment on each count.

¶ 5 Gum timely commenced his "Rule 32 of-right" post-conviction relief proceeding, and appointed counsel filed a petition for post-conviction relief. *See generally* Ariz. R.Crim. P. 32. Gum claimed that his prosecution was barred by the applicable statute of limitations. He also claimed that his attorney was ineffective because she had erroneously advised him that the prosecution was not barred by the statute of limitations, and consequently persuaded him to accept the State's plea offer.

¶ 6 The statute of limitations in effect when Gum committed the 1991 crimes, A.R.S. § 13–107 (1989), stated in relevant part:

§ 13–107. Time limitations

. . . .

**B.** Except as otherwise provided in this section, prosecutions for [ ] offenses [other than homicide, misuse of public monies, or falsification of public records] must be commenced within the following periods after actual discovery by the state or the political subdivision having jurisdiction of the offense or discovery by the state or such political subdivision which should have occurred with the exercise of reasonable diligence, whichever first occurs:

1. For a class 2 through 6 felony, seven years.

Gum argued that the limitations period began running in September 1991, upon law enforcement's discovery of the offenses, and expired seven years later in September 1998.

¶ 7 The State opposed the petition and argued that the prosecution was not barred because the limitations period began to run on the date of the discovery of the offender, rather than on the date of the discovery of the offenses. The State argued in part that

---

1. Because Gum was convicted of an offense enumerated under Arizona Revised Statutes ("A.R.S.") section 13–610(N) (Supp.2006) (citing the current version), and sentenced to prison, the Department of Corrections was required to draw a sample of his blood for deoxyribonucleic acid ("DNA") testing.

the running of the statute of limitations had been tolled during the time Gum's identity was unknown, contending that the lack of identification was the equivalent of having "no reasonably ascertainable place of abode within the state," and thus triggering the tolling effect found in § 13–107(D). Alternatively, the State argued that, even if the limitations period commenced when authorities discovered the offenses, the legislature's 1997 amendment to § 13–107 applied to Gum's case and tolled the running of the statute. That amendment added a new subsection (E) that provides: "The period of limitation does not run for a serious offense as defined in § 13–604 during any time when the identity of the person who commits the offense or offenses is unknown." *See* 1997 Ariz. Sess. Laws, ch. 135, § 1. Sexual assault is one of the offenses listed as a "serious offense" in § 13–604. *See* A.R.S. § 13–604(W)(4)(e) (Supp.2006).[2]

¶ 8 Gum filed a reply, and after considering the pleadings, the trial court phrased the issues as follows:

> [W]hen does the statute of limitation[s] commence pursuant to § 13–107(B) as a matter of law? Secondarily, if the State failed to commence prosecution within seven years of the commencement date as initially determined, does § 13–107(D) toll the statute of limitations so long as defendant's identity is unknown to law enforcement?

Relying on *State v. Jackson*, 208 Ariz. 56, 90 P.3d 793 (App.2004), the trial court concluded that the limitations period does not begin to run until authorities have discovered, or could have discovered with the exercise of reasonable diligence, the identity of the offender. Finding that Gum stated a colorable claim as to whether the authorities could have earlier discovered his identity with the exercise of reasonable diligence, the court set an evidentiary hearing.

¶ 9 Because the court also found that Gum had made a "prima facie showing" that the limitations period had expired, the State had the burden of proof at the evidentiary hearing to establish that authorities had exercised reasonable diligence in attempting to ascertain Gum's identity. *See id.* at 63, ¶ 26, 90 P.3d at 800 (holding that once a defendant presents reasonable evidence that the limitations period has expired, the State bears the burden to prove that it has not). At the hearing, the State called the detective and patrol officer who were involved in the investigation of the 1991 offenses. These officers testified about the efforts made to solve the crimes.

¶ 10 After the hearing, the trial court issued its findings of fact and conclusions of law. The court found that the State had exercised reasonable diligence in its attempts to identify Gum. The court also found that the limitations period did not begin to run until after the State had identified Gum through CODIS. As a consequence, the court concluded that Gum's prosecution, which had commenced only four months later, was not time-barred. Gum filed a motion for rehearing, which was denied. He then timely filed this petition for review, and the State filed a response.

¶ 11 Two months after the State filed its response, Gum filed a motion for expedited consideration based on an opinion issued by another panel of this court, *Taylor v. Cruikshank*, 214 Ariz. 40, 148 P.3d 84 (App. 2006). In *Taylor*, the court held that, pursuant to the applicable statute of limitations, the time period begins to run upon discovery of the offense and not upon discovery of the offender. *Id.* at 47, ¶ 27, 148 P.3d at 91. Over the State's opposition, we granted Gum's motion to expedite. Although we agree with *Taylor's* holding that the applicable limitations period begins to run upon discovery of the offense and not upon discovery of the offender,[3] we reach a different

---

2. We cite the current version of this statute because no revisions material to this decision have since occurred.

3. For the reasons set forth in *Taylor*, the trial court in this case erred when it found that the limitations period did not commence until authorities discovered the identity of the offender. Nevertheless, we are obliged to uphold the trial court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984); *State v. Cantu*, 116 Ariz. 356, 358, 569 P.2d 298, 300 (1977).

resolution. For the reasons discussed below, we conclude that the 1997 amendment to § 13–107 extended the limitations period, and thus Gum's prosecution was not time-barred.

## ANALYSIS

¶ 12 As indicated, the issue in *Taylor* was whether the limitations period in the applicable statute of limitations began to run from the date law enforcement personnel discovered that an offense had been committed or began to run from the date law enforcement personnel discovered the identity of the offender. The *Taylor* court began its analysis with the proposition that the "applicable statute of limitation is the statute in effect when the offenses were committed in 1994." 214 Ariz. at 42, ¶ 8, 148 P.3d at 86. The court succinctly noted:

> The parties agree that the applicable statute of limitation is the statute in effect when the offenses were committed in 1994. We agree as well. *See Martin v. Superior Court,* 135 Ariz. 99, 100, 659 P.2d 652, 653 (1983) (absent expressed intent to apply criminal statutes of limitation retroactively, statutes apply to offenses committed after effective date of statutory changes); *State v. Jackson,* 208 Ariz. 56, [59] n. 3, [¶ 10,] 90 P.3d 793, 796 n. 3 (App.2004) (same); *State v. Escobar–Mendez,* 195 Ariz. 194, [198] n. 6, [¶ 19,] 986 P.2d 227, 231 n. 6 (App.1999) (same); *see also* A.R.S. § 1–244 (no statute is retroactive unless it expressly says so).

*Id.* After a thorough analysis, the *Taylor* court found that the limitations period began to run on the date law enforcement personnel discovered that the offense had been committed. *Id.* at 45, ¶ 19, 148 P.3d at 89. Because the applicable seven-year period had expired before commencement of the prosecutions,[4]

the court held that the prosecutions were barred. *Id.* at 47, ¶ 29, 148 P.3d at 91.

¶ 13 We believe, however, that the 1997 amendment applies to cases in which the existing limitations period had not yet expired on the amendment's effective date,[5] and hold that it extends the limitations period in such cases. Application of the 1997 amendment to cases with an unexpired limitations period does not constitute an impermissible "retroactive" application of the law, nor is the law as applied ex post facto.[6] Furthermore, we do not believe that such an application runs afoul of the Arizona opinions or statute cited in *Taylor.*

### A. Constitutional Analysis

¶ 14 Retroactive legislation does not violate the Ex Post Facto Clause of the United States Constitution merely because it adversely affects the position of criminal defendants. *United States v. Brechtel,* 997 F.2d 1108, 1113 (5th Cir.1993). Rather, that clause prohibits enactment of a statute that:

> (1) punish[es] as a crime an act previously committed which was innocent when done; (2) make[s] more burdensome the punishment for a crime, after its commission; or (3) deprive[s] one charged with a crime of any defense available according to law at the time when the act was committed.

*Id.* (discussing Article I, Section 9, Clause 3, of the United States Constitution, which prohibits Congress from passing ex post facto laws). Extension of the limitations period does not criminalize previously innocent conduct, does not increase the punishment for an existing crime, and as applied to Gum's case, does not deprive him of any defense available according to the law at the time he committed the crimes.[7] Further, the amendment as

---

4. Taylor's case was consolidated with *Johnson v. Aragon,* 1 CA–SA 2006–0078.

5. The 1997 amendment became effective July 21, 1997.

6. The Arizona Constitution provides that "[n]o . . . ex-post-facto law . . . shall ever be enacted." Ariz. Const. art. 2, § 25. The United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1. Arizona interprets the Ex Post

Facto Clause in the Arizona Constitution similarly to the Ex Post Facto Clause in the United States Constitution. *State v. Noble,* 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992).

7. Other courts have reached similar conclusions with regard to the retroactive application of limitations statutes. *See United States v. Knipp,* 963 F.2d 839 (6th Cir.1992); *United States v. Madia,* 955 F.2d 538 (8th Cir.1992); *United States v. Taliaferro,* 979 F.2d 1399 (10th Cir.1992); *see also United States ex rel. Massarella v. Elrod,* 682

applied to Gum does not deprive him of any defense that would have been available to him on the effective date of the amendment.

■ ¶ 15 In contrast, the United States Supreme Court has held that "a law enacted *after* expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." *Stogner v. California,* 539 U.S. 607, 632–33, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003) (emphasis added). In *Stogner,* the Court set forth the issue and inquiry as follows:

> The Constitution's two *Ex Post Facto* Clauses prohibit the Federal Government and the States from enacting laws with certain retroactive effects. *See* Art. I, § 9, cl. 3 (Federal Government); Art. I, § 10, cl. 1 (States). The law at issue here created a new criminal limitations period that extends the time in which prosecution is allowed. It authorized criminal prosecutions that the passage of time had previously barred. Moreover, it was enacted after prior limitations periods for Stogner's alleged offenses had expired. Do these features of the law, taken together, produce the kind of retroactivity that the Constitution forbids? We conclude that they do.

*Id.* at 610, 123 S.Ct. 2446. However, the Court stated that neither its decision nor the Ex Post Facto Clause "prevent the State from extending time limits for the prosecution of future offenses, or for prosecutions not yet time barred." *Id.* at 632, 123 S.Ct. 2446. The Court reasoned that a statute that retroactively applies to an *unexpired* statute of limitations is not ex post facto in light of "history, case law, and constitutional purposes." *Id.* at 630–31, 123 S.Ct. 2446. The majority opinion in *Stogner,* noted Justice Kennedy in his dissent, left "in place the uniform decisions by state and federal courts to uphold retroactive extension of unexpired

statutes of limitations against an *ex post facto* challenge." *Id.* at 650, 123 S.Ct. 2446 (Kennedy, J., dissenting).

¶ 16 Thus, whether the amendment is characterized as one that "tolls" the running of the limitations period for the defined offenses or one that retroactively extends the limitations period for these offenses, the application of the amendment to Gum does not violate constitutional principles.

¶ 17 Although we conclude that neither the United States Constitution nor the Arizona Constitution is violated by the application of A.R.S. § 13–107(E) to Gum's prosecution, our inquiry is not ended. We must also decide whether the statute's application to Gum's prosecution is barred by case law or statute in Arizona.

### B. Examination of Arizona Case Law

¶ 18 In *Taylor,* the court decided that the statute of limitations in effect when the crimes were committed controlled. 214 Ariz. at 42, ¶ 8, 148 P.3d at 86. *Taylor* relied in part on *Martin. Id.* However, *Martin* is distinguishable.

¶ 19 In *Martin,* the defendant argued that his prosecution was barred by the statute of limitations in effect when the crimes were committed, then A.R.S. § 13–106, which provided for a five-year time limitation. 135 Ariz. at 100, 659 P.2d at 653. The State argued that the prosecution was not barred based on the new statute of limitations adopted as part of Arizona's then "new criminal code" effective October 1, 1978, A.R.S. § 13–107(B)(1), which provided for a seven-year time limit. *Id.* Specifically,

> Petitioner contends that the state is barred from bringing the charges described in counts two through seven of the indictment because the governing statute of limitations period of five years, former A.R.S. § 13–106, had expired before the indict-

F.2d 688 (7th Cir.1982) (holding that a retroactive extension of an unexpired limitations period does not violate the Ex Post Facto Clause), *cert. denied,* 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983); *United States v. Richardson,* 512 F.2d 105 (3d Cir.1975) (same) (dictum); *Clements v. United States,* 266 F.2d 397 (9th Cir.) (same), *cert. denied,* 359 U.S. 985, 79 S.Ct. 943, 3

L.Ed.2d 934 (1959); *Falter v. United States,* 23 F.2d 420 (2d Cir.) (same), *cert. denied,* 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928); *State v. O'Neill,* 118 Idaho 244, 796 P.2d 121 (1990); *State v. Hodgson,* 108 Wash.2d 662, 740 P.2d 848 (1987), *cert. denied,* 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 277 (1988).

ment was filed. The state responds that present A.R.S. § 13–107 extended the statute of limitations from five to seven years for all offenses occurring before October 1, 1978, and for which the five-year statute of limitations had not run as of that date. *Id.*

¶ 20 To decide the issue, the court noted that "[t]he question presented is one of statutory construction." *Id.* at 99, 659 P.2d at 652. To resolve the question, the court looked no further than the language of the new code. *Id.* at 100, 659 P.2d at 653. Relying on Section 179 of Chapter 142 of the 1977 Session Laws,[8] the court held: "It is clear that the legislature has directed that the new criminal code shall only operate prospectively." *Id.* (citation omitted). When it rejected the State's argument that the statute was "purely procedural" and thus applicable to the defendant, the court reiterated that Section 179 expressly stated: "The provisions of this act do not apply to ... any offense committed before the effective date of this act...." *Id.* Thus, "[a]ny inquiry into the technical nature of the statute of limitations is simply not relevant." *Id. See also State v. Stine,* 184 Ariz. 1, 2, 906 P.2d 58, 59 (App. 1995) (concluding that when the legislature expressly stated that an amendment would only apply to persons who commit an offense after its effective date, the statute would not be applied retroactively). In contrast, the 1997 amendment at issue contains no similar expression of legislative intent.

¶ 21 The other two cases cited by *Taylor, Jackson* and *Escobar–Mendez,* each cited *Martin* in a footnote for the general proposition that statutes of limitation in effect at the time the crime is committed control. *See Jackson,* 208 Ariz. at 59 n. 3, ¶ 10, 90 P.3d at 796 n. 3; *Escobar–Mendez,* 195 Ariz. at 198 n. 6, ¶ 19, 986 P.2d at 231 n. 6. However, as

can be seen from the analysis in *Martin* itself, such a proposition is overly broad. The result in *Martin* was based solely on the fact that the legislature had specifically expressed its intent that the new statutes apply only to crimes committed on or after their effective date. The court did not decide the issue of ex post facto or retroactivity presented in this case.

### C. Analysis of A.R.S. § 1–244

¶ 22 *Taylor* also relied in part on A.R.S. § 1–244, which states, "No statute is retroactive unless expressly declared therein." A.R.S. § 1–244 (2002); *accord Garcia v. Browning,* 214 Ariz. 250, ¶ 7, 151 P.3d 533, 535 (2007) (recognizing that a newly enacted law applies only prospectively absent a clear expression of retroactivity). Generally, the law prohibits retroactive application of statutes and statutory amendments, *see, e.g., Stine,* 184 Ariz. at 2, 906 P.2d at 59, so as to ensure fair notice that a violation carries specific consequences.

¶ 23 The Arizona Supreme Court has acknowledged that the prohibition against retroactive application of a statute is not absolute, however. *See In re Shane B.,* 198 Ariz. 85, 87, ¶ 8, 7 P.3d 94, 96 (2000). A statute is not impermissibly retroactive if it is merely procedural and does not affect an earlier established substantive right. *Id.* (citing *Bouldin v. Turek,* 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979)). In *Shane B.,* the court noted that (as in this case):

Retroactive application of the statute in the instant case does not "change[ ] the punishment, [or] inflict [a] greater punishment than the law annexed to the crime, when committed." *State v. Noble,* 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992)

---

8. "Sec. 179. Application of act to offenses committed before and after enactment.

"A. The provisions of this act shall govern the construction of and punishment for any offense defined in this act and committed after its effective date.

"B. Except as otherwise expressly provided, or unless the *context* otherwise requires, the provisions of this act shall govern the construction of and punishment for any offense defined out-

side this act and committed after its effective date.

"C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted."

(quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)).

198 Ariz. at 87, ¶ 6, 7 P.3d at 96. Consequently, our supreme court reasoned that, "even if the legislature is silent regarding the retroactivity of [the] statute, a court may apply such statute retroactively [because] it is merely procedural." *Id.* at ¶ 8 (citing *St. Joseph's Hosp. Med. Ctr. v. Superior Court*, 164 Ariz. 454, 457, 793 P.2d 1121, 1124 (App. 1990)). Thus, the court in *Shane B.* determined that the relevant inquiry was whether retroactive application of the new statute affected an earlier established substantive right and was therefore improper. *Id.* at 88, ¶ 8, 7 P.3d at 97.

¶ 24 "A precise distinction between substantive and procedural rights or interests has proven elusive." *Id.* at ¶ ¶ 9. Generally, however, "[i]n the criminal context, substantive law 'either defines a crime or involves the length or type of punishment.'" *Id.* (quoting *Lamb v. Kansas Parole Bd.*, 15 Kan.App.2d 606, 812 P.2d 761, 764 (1991)).

¶ 25 Our supreme court's recent decision in *Garcia* is consistent with the analysis in *Shane B.* In *Garcia*, the court recognized that "[a] statute is not necessarily 'retroactive in application simply because it may relate to antecedent facts.'" 214 Ariz. at 253, ¶ 12, 151 P.3d at 536, (quoting *Aranda v. Indus. Comm'n*, 198 Ariz. 467, 472, ¶ 24, 11 P.3d 1006, 1011 (2000)); *accord State v. Pillatos*, 159 Wash.2d 459, ¶ 19, 150 P.3d 1130, 1135–36 (2007) ("A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law.").

¶ 26 To determine whether the 1997 amendment to § 13–107 may be applied to extend the limitations period in Gum's case, we examine whether the legislation disturbs vested substantive rights by retroactively changing the law that applies to completed events. *See San Carlos Apache Tribe v. Superior Court*, 193 Ariz. 195, 205, ¶ 15, 972 P.2d 179, 189 (1999). "The critical inquiry in retroactivity analysis is not whether a statute affects a substantive right but whether a statute affects a *vested* right. Thus, the implicit meaning of the statement 'substan-

tive rights may not be retroactively impaired' is 'substantive rights may not be impaired *once vested.*'" *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 139–40, 717 P.2d 434, 443–44 (1986), *superseded by statute on other grounds as recognized in Dykeman ex rel. Dykeman v. Engelbrecht*, 166 Ariz. 398, 400–01, 803 P.2d 119, 121–22 (App.1990).

¶ 27 To determine whether a vested right is being impaired, we must identify the operative event that is relevant to the statute's applicability. "Arizona cases have consistently held that the date of the offense is the operative event for retroactivity analysis when a new statute regulates primary conduct." *Garcia*, 214 Ariz. at 253, ¶ 14, 151 P.3d at 536 (citations omitted). Thus, if the amendment to A.R.S. § 13–107 regulates primary conduct, it cannot be applied to antecedent acts. *See id.* at ¶ 12. However, unlike the statute at issue in *Garcia*, amended § 13–107 does not regulate primary or any other conduct or attach new legal consequences to the 1991 crimes. *See id.* at ¶ 14 (recognizing that Senate Bill 1145 shifted the burden of proof from the defendant to the State and altered the legal consequences of the defendant's conduct by declaring that conduct that is justified "does not constitute criminal or wrongful conduct"); *Pillatos*, 150 P.3d at 1136, ¶ 19. Instead, the amendment to § 13–107 simply took effect in 1997 and operated to extend the limitations period. Accordingly, the operative event for the purpose of precluding the use of § 13–107(E) to extend the limitations period was not the date of the 1991 offenses but September 14, 1998, the date when Gum's limitations defense would have vested. *See generally Pillatos*, 150 P.3d at 1136, ¶ 20 ("[W]hen the legislature extended the statute of limitations for sex crimes against children under certain circumstances, this court found the statute applied to all prosecutions not yet tolled under the old statute." (citing *Hodgson*, 740 P.2d at 848)).

¶ 28 Gum's limitations defense had not vested at the time the 1997 amendment became effective. In other words, at that point in time, Gum could not have asserted a valid limitations defense because the seven-year period had not expired. Conversely, had the

period expired, Gum's limitations defense would be valid, or vested, and application of the amendment to his case would violate A.R.S. § 1–244, as well as the Ex Post Facto Clause. *See Stogner,* 539 U.S. at 610, 123 S.Ct. 2446.

## CONCLUSION

¶ 29 There is no constitutional impairment to the application of the 1997 amendment to cases like Gum's in which the limitations period had not expired as of the effective date of the amendment. Nor is there any statute or case law that prohibits such application. Whether characterized as a tolling provision or an extension of the limitations period, A.R.S. § 13–107(E) serves to extend the limitations period for all offenses included in subsection (E) for which the limitations

period was unexpired on July 21, 1997. Because the seven-year period for Gum's offenses was unexpired on July 21, 1997, and because sexual assault is included as an offense to which applies subsection (E), the limitations period was extended and Gum's prosecution was not time-barred. Therefore, we grant review but deny relief.

CONCURRING: SUSAN A. EHRLICH and SHELDON H. WEISBERG, Judges.