NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Respondent*,

*v.*

DANIEL WELDON HACKMAN,
*Petitioner*.

No. 1 CA-CR 14-0460 PRPC
FILED 7-21-2016

Petition for Review from the Superior Court in Navajo County
No. CR 97-000531
The Honorable Robert J. Higgins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Galen Wilkes
*Counsel for Respondent*

Daniel Weldon Hackman, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

**¶1**        Petitioner Daniel Weldon Hackman petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statute (A.R.S.) section 13-4239.C (West 2016)[1] and Arizona Rule of Criminal Procedure 32.9.c.

**¶2**        In 1998, a jury convicted Hackman of burglary, kidnapping, aggravated assault and five counts of sexual assault. The trial court sentenced Hackman to an aggregate term of eighty years and this court affirmed his convictions and sentences on direct appeal. Hackman now seeks review of the summary dismissal of his fourth successive post-conviction relief proceeding.

**¶3**        Hackman argues he is innocent. He argues his innocence is evident from the victim's lack of credibility as shown by the contradictions and discrepancies between her statements to investigators and her trial testimony, and the physical impossibility of the victim's version of events based on Hackman's own interpretation of the evidence. Hackman also argues his trial counsel was ineffective and the State used perjury and other false or manufactured evidence to obtain Hackman's convictions. Finally, Hackman argues the State should test a video of an interview between Hackman and a detective to "clear up" parts that are inaudible.[2]

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2]        Hackman's petition for review is not a model of clarity or consistency. Much of the petition for review consists of explanations for

¶4        Regarding innocence, Hackman could have raised this claim in a prior petition for post-conviction relief. In fact, most, if not all, of Hackman's arguments in support of this claim are the same arguments he presented in support of different theories of relief raised in his first post-conviction relief proceeding in 2000. Hackman does not argue the evidence he offers in support of this latest successive petition is newly discovered, and he offers no explanation for why he did not raise a claim of innocence in his prior post-conviction relief proceedings. While the rule of preclusion does not apply to claims of innocence raised pursuant to Rule 32.1.h, a petitioner who raises a claim of innocence in a successive post-conviction relief proceeding must present a meritorious, substantiated claim and indicate why the petitioner failed to raise the claim in a previous post-conviction relief proceeding or in an otherwise timely manner. *State v. Jensen*, 193 Ariz. 105, 106-07, ¶ 11 (App. 1998). If the petitioner fails to do so, the post-conviction relief proceedings "*shall* be summarily dismissed." Ariz. R. Crim. P. 32.2.b (emphasis added).

¶5        Regarding the claims of ineffective assistance of counsel, the State's alleged use of perjury and/or false evidence and the need to test the video, Hackman could have raised these issues in a prior post-conviction relief proceeding. Because the claims could have been raised in an earlier post-conviction relief proceeding, they are now precluded from review. Ariz. R. Crim. P. 32.2.a; 32.2.b.

---

why arguments the trial court justifiably treated as independent claims for post-conviction relief were not actual claims for relief, but were merely arguments that supported Hackman's claim of innocence. Hackman's reply brief is similar, arguing that while he means to present only a claim of innocence, he has included "all the other auxillary [sic] claims that are part and parcel of fundamental miscarriage of justice claims[.]" We have erred on the side of over inclusiveness in our identification of the issues Hackman presents for review.

**CONCLUSION**

¶6        For the foregoing reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA