NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL ADEM VAN DAALEN, *Petitioner*.

No. 1 CA-CR 16-0515 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2002-019041
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Daniel Adem Van Daalen, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

¶1        Daniel Adem Van Daalen petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        In March 2003, Van Daalen pled no contest to three counts of manslaughter, Class 2 felonies, stipulating to an aggregate term of 31.5 years in prison.  Before accepting his plea and sentencing him, the superior court found Van Daalen competent based upon a Rule 11 pre-screen evaluation.

¶3        In his of-right post-conviction relief petition, filed with the aid of advisory counsel, Van Daalen claimed his trial lawyer "failed to pursue Rule 11 proceedings."  He attached a neuropsychological report prepared after an examination in February 2003, which was before the court at the time of sentencing.  After receiving a response from the State, the superior court found Van Daalen's petition and the report did "not provide information sufficient to overcome the [sentencing] Court's finding that [Van Daalen] was able to understand the proceedings against him or to assist in his own defense."  The court noted that Van Daalen's trial counsel "did have [Van Daalen] evaluated for Rule 11 purposes and [Van Daalen] has not provided evidence that had counsel done something different, there would have been a different result."

¶4        In a successive, untimely petition for post-conviction relief, filed in June 2016, Van Daalen raised the same argument, claiming his counsel was ineffective by failing to request an additional Rule 11 examination before Van Daalen pled no contest.  His petition attached affidavits from fellow inmates detailing their observations relating to his more recent mental and physical condition, along with a copy of the February 2003 neuropsychological evaluation.  The superior court summarily dismissed his petition.

¶5        We review the court's dismissal of Van Daalen's petition for an abuse of discretion.  *State v. Jensen*, 193 Ariz. 105, 106, ¶ 9 (App. 1998).  Van Daalen seeks relief under Arizona Rule of Criminal Procedure 32.1(a), but the ground he raises (ineffective assistance of trial counsel) is not a claim that may be raised in an untimely or successive notice.  *See* Ariz. R. Crim. P. 32.4(a) (untimely notice "may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)").  Moreover, the inmates' affidavits, which relate to Van Daalen's current mental condition, do not constitute "[n]ewly discovered

material facts" that would have changed his sentence. *See* Ariz. R. Crim. P. 32.1(e). In addition, his claim is precluded because he raised it in a prior proceeding, which the court dismissed. *See* Ariz. R. Crim. P. 32.2(a)(2). Although Van Daalen argues that a mental disability prevented him from raising a timely claim of ineffective assistance of counsel, he did raise the claim before, it was ruled on, and he was denied relief. In any event, although Van Daalen cites Rule 32.1(f) as a ground for exception to preclusion, that rule is of no assistance to him because his current proceeding is a successive petition, not an of-right proceeding. *See* Ariz. R. Crim. P. 32.1(f).

**¶6**        For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA