NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

OMAR LATEEF THOMAS, *Petitioner*.

No. 1 CA-CR 15-0429 PRPC
FILED 4-27-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR1989-009859
The Honorable Jose S. Padilla, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Omar Lateef Thomas, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1          Omar Thomas petitions for review from the trial court's summary dismissal of his latest petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          In 1990, a jury convicted Thomas of four counts of aggravated assault and determined he was on probation for two other felony offenses at the time. The trial court sentenced him to four concurrent terms of life imprisonment without a possibility of parole for twenty-five years. This Court affirmed Thomas's convictions and sentences on direct appeal. *State v. Thomas*, 1 CA-CR 90-382 (Ariz. App. Apr. 14, 1992) (mem. decision). Thomas filed a number of petitions for post-conviction relief, which were denied. He then filed this successive petition for post-conviction relief, which was also dismissed. Thomas now petitions for review, claiming his maximum sentence has expired based upon a significant change in the law and because he was denied access to the clemency process. Specifically, Thomas asserts the court improperly dismissed his petition because it misunderstood his intention to file a wholly new claim for post-conviction relief. Thomas asserts his petition is permissible under Arizona Rule of Criminal Procedure 32.1(d), permitting relief where "[t]he person is being held in custody after the sentence imposed has expired," and Rule 32.1(g), permitting relief where "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Thomas also asserts his claim is meritorious based upon a 1993 amendment to Arizona's sentencing guidelines and the now-repealed 1994 Disproportionality Review Act (DRA). For these reasons, Thomas contends, the dismissal of his petition was arbitrary and capricious.

¶3          We review the denial of a petition for post-conviction relief for an abuse of discretion. *State v. Jenkins*, 193 Ariz. 115, 118, ¶ 5 (App. 1998) (citing *State v. Schrock*, 149 Ariz. 433, 441 (1986)). Thomas has not met his

burden of demonstrating relief was warranted under Arizona Rule of Criminal Procedure 32.1(d) or (g).

¶4        At the time Thomas was convicted, Arizona law provided that "a person convicted of [certain felony offenses], if committed while the person is on probation for a conviction of a felony offense or parole . . . shall be sentenced to life imprisonment and is not eligible for suspension or commutation of sentence . . . or release from confinement on any other basis . . . until the person has served not less than twenty-five years."  Ariz. Rev. Stat. (A.R.S.) § 13-604.02(A) (1990).  Thomas was sentenced accordingly.  In 1993, the statute was amended to provide that a person who commits an offense while released from confinement "shall be sentenced to imprisonment for not less than the presumptive sentence."  1993 Ariz. Legis. Serv., ch. 255, § 9 (1st. Reg. Sess.).  Although the statute effectively reduced the mandatory minimum sentence for a person, such as Thomas, who was convicted of committing offenses while on felony release after the amendment's effective date, Thomas is not entitled to the benefit of the change.  *See* A.R.S. § 1-246 (2017) ("When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed."); *see also State v. Stine*, 184 Ariz. 1, 3 (App. 1995).

¶5        Thomas also relies on the DRA to support his claim for post-conviction relief.  The DRA was enacted in response to the "proportionality problem" created by the amendment to A.R.S. § 13-604.02 whereby "[t]hose convicted of violating certain laws before 1994 were treated much more harshly than those convicted of the same violations after the effective date of the amendments."  *McDonald v. Thomas*, 202 Ariz. 35, 38, ¶ 3 (2002).  The DRA "permitted review of such sentences and . . . provided that if, on review of the sentence, the Arizona Board of Executive Clemency 'unanimously recommends commutation and the governor fails to act on that recommendation within 90 days after receiving the recommendation, the recommendation for commutation automatically becomes effective.'"  *Id.* (quoting 1994 Ariz. Sess. Laws, ch. 365, § 1(G) (2d Reg. Sess.).  Although the DRA was repealed in 1996, *id.*, Thomas complains he was arbitrarily denied access to the clemency process set forth in the DRA.  The record, however, reflects Thomas was deemed statutorily ineligible for relief.

¶6        Thomas has failed to present circumstances that would suggest he was sentenced improperly or has been held in custody beyond the expiration of the sentence imposed.  In the absence of any material issue

of fact or law entitling Thomas to relief, the trial court was required to summarily dismiss the petition. Ariz. R. Crim. P. 32.6(c). We cannot say the court erred in doing so here.

¶7   Accordingly, we accept review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA